HENRY BRADSTREET and others, trading as J. M.
BRADSTREET & SON *vs.* ARTHUR P. BAER, General
partner of the firm of ARTHUR P. BAER & Co.

*Disability of a Married woman.*

Under the laws of this State, a married woman cannot enter into a co-partner-
ship.

APPEAL from the Court of Common Pleas.

The appellants carried on the business of a mercantile
agency.   On the 8th of August, 1872, the appellee, doing
business in Baltimore and Philadelphia, under the name
of Arthur P. Baer & Co., signed an instrument of writing,
whereby he agreed, in consideration of certain services to
be performed by the appellants from the 1st of January,
1873, to the 1st of January, 1874, to pay for those services
the sum of $150, in advance on the 1st of January, 1873.
This action was brought by the appellants to recover the
sum so agreed to be paid by the appellee.   The declara-
tion was a special one and fully set forth the contract; it
also disclosed the fact that two of the plaintiffs were
married women, with whom their husbands were joined as
co-plaintiffs.   There were five pleas—the first, never was
indebted, as alleged; the second, did not promise as
alleged; the other pleas stated that the contract in the
declaration mentioned, was rescinded and annulled.   At
the trial the plaintiffs offered evidence tending to prove
performance of part, and tender of performance of all the
agreements on their part; and then offered in evidence
the written contract, to which the defendant excepted for

various reasons, and the Court (Garey, J.) refused to allow it to be given in evidence ; and instructed the jury that under the evidence in the case the plaintiffs were not entitled to recover.   To the ruling of the Court in refusing to allow the contract to be given in evidence, and to its instruction to the jury, the plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before Bartol, C. J., Stewart, Bowie, Grason, Miller, Alvey and Robinson, J.

*Sebastian Brown,* for the appellants.

As the *nar.* disclosed the marriage and the co-partnership, the defendant could have raised the objection by demurrer, and not having done so, he cannot raise it under the general issue.   *Slack vs. Lyon,* 9 *Pick.,* 64, 65 ; *Broome's Legal Maxims,* 131–2.

With the consent of her husband, a married woman may in this State, enter into a co-partnership.   The case of *Mayer and Wife vs. Soyster,* 30 *Md.,* 403, only decides that a married woman cannot be sued on a mere personal contract made during coverture.   In that case, husband and wife were sued as co-partners.   While it is settled that a married woman cannot be sued on a mere personal contract entered into during coverture, it is equally well settled, that she may be joined with her husband as co-plaintiff, where she is the meritorious cause of action. In such a case the cause of action survives.   1 *Chitty's Pleading,* 30.

It is also settled, that she can make a binding contract with reference to her own separate estate.   *Koontz vs. Nabb,* 16 *Md.,* 549.   Under certain circumstances, a married woman could become a partner at the common law.   *Story on Partnership,* secs. 10, 12, and 239 ; *Parsons' Mercantile Law,* 11 and 12 ; *Watson on Partnership,* 384 ; *Beard vs. Webb,* 2 *Bos. & Pul.,* 97 and 108.

The chief reason why she could not generally be a partner at the common law was, that she had nothing to carry on business with. As soon as married, her entire property passed to her husband, and became liable for his debts. By the Code, Article 45, secs. 1, 2 and 7, a married woman is permitted to acquire and hold property for her separate use, and free from her husband's debts. She holds it as a *féme sole. Unger and Wife vs. Price,* 9 *Md.,* 558.

There is but one restriction placed upon her, relative to the use and disposition of the property, viz: she cannot convey by deed unless the husband joins with her. She is not directed by the Code how to use and employ her property; and the inference seems clear, that subject to the above restriction, she can use and employ it as she chooses. It would seem strange if a *féme covert* can hold as a *féme sole,* ten thousand dollars, and cannot with her husband's consent form a partnership with a third party, where with that money she might realise larger profits than in any other way.

But further. By the 7th section of Article 45, she is permitted to earn money by her skill, industry, &c. The mode in which she may earn it is not pointed out. Is she not free then to select the mode, especially with the consent of her husband? If she can make money faster and easier by forming a partnership, may she not form one? The statutes of Illinois are not dissimilar to those of Maryland in respect to the rights of married women. The United States District Court for the Northern District of Illinois, has decided, that under the laws of that State, a married woman may even be a partner with her husband. *In re Kinkead,* 7 *B. R.,* 439. The decision has been affirmed by the Circuit Court.

*John Scott,* for the appellee.

The *nar.* alleged, and the proof established, that the firm of J. M. Bradstreet & Co. was composed of Henry

Bradstreet and *two married women,* their husbands not being parties to the transaction, but joined in the suit merely to enable them to recover their separate property. Married women cannot enter into a contract of partnership; and even if they could, an executory contract made by them is void, and imposes no obligation upon them. If Baer could not enforce the contract against them, of course they cannot enforce it against him.

The contract on their part is for the rendering of *certain personal services;* in this regard, they are absolutely under the control of their husbands, and no promise by them for such services is valid. The change in the law as to the powers and rights of married women relates to their property, and in no wise modifies the common law doctrines as to their personal contracts. *Six vs. Shaner,* 26 *Md.,* 415; *Mayer vs. Soyster,* 30 *Md.,* 403.

The case is not brought within the provisions of the 7th section of the Code, relating to married women as sole-traders, either by appropriate allegations in the *nar.* or by the proof.

The case at bar must be distinguished from the class of cases where a suit is brought to enforce a promise made to a married woman on a *consideration which is executed—where she is the meritorious cause of action,* as in a promissory note made in her favor. Here the contract is *wholly executory,* and the suit is for payment *in advance;* and the consideration for such payment is not only not performed, but such that, in the eyes of the law, it *cannot be* performed.

[The argument of counsel on other points is omitted, as they were not passed upon by the Court. *Rep.*]

GRASON, J., delivered the opinion of the Court.

The only question which we deem it necessary to consider on this appeal is, whether a married woman can enter into a co-partnership under our statutes. It is

manifest that at the common law she possessed no such power, but that she was under such disabilities as to prevent her entering into any contract which would legally bind her.    Although these disabilities have, in a measure, been removed by legislative enactments, so as to secure to her sole and separate use the property she may have at the time of her marriage, or may acquire thereafter by purchase, gift, grant, devise, bequest, or in course of distribution, with power of devising the same as a *fème sole*, yet there are still disabilities which the Legislature have not thought proper to remove, and to which she is still subject. During her life-time she cannot dispose of her property except by a conveyance in which her husband joins.    She cannot enter into any contract which will bind her at law, unless it be in writing and executed jointly with her husband.    In so far as her disabilities have not been removed by statute, they remain as at the common law.    There is no statute in existence in this State which either directly, or by implication, authorizes her to form a co-partnership. The contract of one partner respecting the partnership business binds all the members of the firm, and if a married woman could enter into a co-partnership, the anomaly would be presented of her being bound at law by the acts and contracts of others, when, under the statute, she cannot so bind herself except by her contract in writing, executed jointly with her husband.    Section 7, of Article 45 of the Code, empowers a married woman to carry on trade as a *fème sole*, with a capital not exceeding one thousand dollars, and makes her money and property, to that extent, liable to attachment for any claim or debt incurred by her.    The grant of the power to carry on trade or business in that mode and to that extent is by implication a denial of the power to carry on business in any other mode, or to any greater extent.    Married women have no power, under our laws, to enter into contracts of co-partnership, nor as members thereof would

their contracts be binding upon them, and, consequently, would not bind the other parties to them. Co-partnerships, consisting in whole or in part of married women, are inconsistent with the policy of the legislation of this State, and it is manifest that their existence would materially interfere with the marital rights of the husband.

It appearing that the co-partnership, plaintiffs, in this cause consists of three persons, and that two of them are married women, the contract, which is the basis of this suit, is, consequently, not binding upon the parties, and the Court below properly refused to permit it to be read in evidence to the jury, and correctly instructed them that the plaintiffs were not entitled to recover.

*Judgment affirmed.*

(Decided 30th June, 1874.)