(Decided 31st January, 1876.)

JOHN STURMFELSZ *vs.* CHARLES W. FRICKEY and ROSINA FRICKEY.

*When there can be no Recovery against a Married woman in an Action at Law—Act of* 1872, *ch* 270.

The Act of 1872, ch 270, provides: "That any married woman may be sued jointly with her husband, in any of the Courts of this State, or before any Justice of the Peace, on any note, bill of exchange, single bill, bond, contract, or agreement, which she may have executed jointly with her husband." HELD:

That under this Act, there can be no recovery against a married woman, in an action at law against her husband and herself, upon their mere *verbal agreement* to repay money expended by the plaintiff in the discharge of mechanics' liens and other claims resting upon her property.

APPEAL from the Baltimore City Court.

This was an action brought by the appellant against the appellees, husband and wife, to recover for money which he had expended at their request, in payment of mechanics' liens and other claims resting upon the property of the wife.

*Exception.*—At the trial of this cause the plaintiff proved that he expended the sum of $2,685 at the request of both defendants, in the year 1871, in payment of mechanics' liens and other claims upon the property of the appellee, Rosina Frickey, No. 76 Ramsey street, in the City of Baltimore, upon promise of repayment to him for such expenditures; and that by such payments, the property was released; that in the month of August, 1873, the plaintiff called to see the defendants at the premises, in Ramsey street, and requested payment of the debt; that they jointly made an agreement with him to pay the entire debt, admitting the propriety of the same, and in consideration of time being allowed them for payment, jointly agreed to execute in his favor, a mortgage upon the same property, (then in the name of the wife;) that the mortgage in ordinary form was prepared, and held ready, but was never executed by the defendants, they neglecting so to do.

The plaintiff prayed the Court to instruct the jury that if they found that the plaintiff advanced the sums claimed by him in his account filed in the case, and that in the month of August, 1873, both of the defendants promised, agreed and contracted, by parol, to pay the plaintiff for the same, then their verdict must be for the plaintiff against both defendants.

The Court (BROWN, J.,) rejected this prayer, and instructed the jury that on the evidence in the case, their verdict must be for Rosina Frickey. The plaintiff excepted.

The jury rendered a verdict for the plaintiff as against Charles W. Frickey, for $3,275.70, and a verdict for Rosina Frickey. Judgment on the verdict. The plaintiff appealed.

The cause was argued before STEWART, BOWIE, BRENT and ROBINSON, J.

*Thomas R. Clendinen,* for the appellant.

*Hoopes & Reed,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The Act of 1872, chap. 270, provides:

"That any married woman may be sued jointly with her husband, in any of the Courts of this State, or before any Justice of the Peace, on any note, bill of exchange, single bill, bond, contract or agreement, which she may have executed jointly with her husband."

The sole question in this case, is whether under the provisions of this Act, an *action at law* will lie against a *husband and wife,* upon their *mere verbal agreement* to repay money expended by the plaintiff in the payment of mechanics' liens and other claims, resting upon the property of the wife. There can be no difficulty we think in the construction of this Act. The language: "any note, bill of exchange, single bill, bond, contract or agreement, which she may have executed jointly with her *husband,*" plainly shows, that the Legislature meant *written contracts or agreements executed by the wife,* and not a mere *verbal promise or agreement.* This view is strengthened by a consideration of the law as it existed in reference to this subject, prior to the Act of 1872; and the mischief which it was the obvious purpose of the Act to remedy.

By the law of this State, all property belonging to a woman at the time of her marriage, and all property acquired or received after marriage, by purchase, gift, &c., was held by her *as her separate estate;* and yet an *action at law* could not be maintained against her upon her written contracts or agreements; nor was she liable even in a

Court of Equity unless the contract or agreement was made in reference to her *separate estate.* This was a great hardship in many cases upon creditors, and the object of the Act of 1872, was to make the wife liable in an *action at law* upon such contracts or agreements, which she may have executed jointly with her husband, and this too without reference to whether the contract was made in regard to her separate estate. Be this however as it may, the language of the Act clearly shows, we think, that the Legislature meant to embrace written contracts or agreements only, and the judgment below must therefore be affirmed.

*Judgment affirmed.*

(Decided 21st January, 1876.)

