HENRY S. HALLEY, Executor of JOHN KULP *vs.* WILLIAM B. JACKSON, and others, Trustees, and others.

*Attachment on Warrant against non-resident Debtors—Amendments in Attachment proceedings which are not authorized by sections 23 and 27, of Article 75 of the Code—The remedy by Attachment must be strictly followed—Effect of Endorsement by the Payee of a Promissory note, that he holds himself "Responsible for the within note without Notice or protest"—Several liability of the Payee and maker of such note.*

Sections 23 and 27 of the Code, in relation to amendments and the misjoinder and nonjoinder of defendants, do not authorize the Court to strike out the name of one of the defendants in the affidavit of the plaintiff, or in the warrant of the justice of the peace in proceedings by attachment against non-resident debtors.

The affidavit of the plaintiff and the warrant of the justice of the peace to the clerk, lie at the foundation of the proceeding in attachment which must be strictly followed, because the remedy is a statutory one, and if defective the whole proceeding must fail.

The endorsement by the payee of a promissory note that he holds himself "responsible for the within note, without notice or protest," is of no other effect than to waive protest and notice as a necessary step to fix his liability in case the drawer fails to pay the note at maturity.

The liability of the maker and endorser of such note is several, and it is error to proceed against them as if they were jointly bound.

Halley, Ex'r *vs.* Jackson and others, Trustees, *et al.*

APPEAL from the Circuit Court for Prince George's County.

On the 28th of February, 1877, an attachment was issued by the Clerk of the Circuit Court for Prince George's County, on the warrant of a justice of the peace of said county, at the instance of Henry S. Halley, executor of John Kulp, deceased, against the lands, tenements, goods, &c., of Joseph N. Young and J. Fenwick Young as non-resident debtors.

The evidence of debt annexed to the affidavit of the attaching creditor, and on which the attachment was based, was a promissory note of J. Fenwick Young, dated 3rd November, 1873, whereby twelve months after date, for value received, he promised to pay to the order of Joseph N. Young, the sum of one thousand five hundred dollars, with ten per cent. interest. The note was endorsed as follows: "I hold myself responsible for the within note without notice or protest, Joseph N. Young." On the first of March, 1877, the attachment was levied on certain real estate of the defendants, and the sheriff made return of the writ on the first Monday of April following, being the return day thereof. Subsequently the sheriff was allowed, on motion of the plaintiff, to amend his return. On the 9th of April, William B. Jackson, Elias E. White and John A. Baker, trustees under a deed of trust, dated the 1st of March, 1877, from Joseph N. Young and wife, moved to quash the said writ and assigned reasons therefor, among the reasons assigned, the first was as follows: "Because the attachment issued against Joseph N. Young, the endorser, and J. Fenwick Young, the maker, as if they were jointly bound on the note sued on in this cause; whereas they are only severally bound, if at all, and the plaintiff should have sued each party in a separate action, and not in one action, as said plaintiff has done in this cause." Pending the motion to quash the attachment, the plaintiff's attorney moved the Court to allow him to

amend the proceedings in the case by striking out the name of J. Fenwick Young, where it appeared in the affidavit of the plaintiff, in the warrant of the justice of the peace directing the clerk to issue the writ, in the writ of attachment, and in all the proceedings in the case, so that by said amendment all the proceedings would show and read as a proceeding against Joseph N. Young alone, and as if the name of J. Fenwick Young had not been written and appeared there. The Court overruled the motion to amend, and quashed the attachment. The plaintiff thereupon appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

*C. C. Magruder,* for the appellant.

Was the judgment of the Court correct in quashing the attachment? The affidavit of the plaintff contained all the material facts and averments required by the law—the non-residence and non-citizenship of the defendants and the amount of the indebtedness. It was made before the proper officer and in due form. The promissory note, the evidence of the debt was produced. The affidavit alleged every thing necessary to entitle the plaintiff to have the warrant for the writ of attachment issued, and to give the Court jurisdiction. A substantial compliance with the law is sufficient to sustain an attachment. *Mathews & Zollikoffer, Garnishees vs. Dare & McClure,* 20 *Md.,* 248; *Washington vs. Hodgskin,* 12 *G. & J.,* 353.

It was not necessary that separate writs should have been issued against the defendants as maker and endorser of the note. The writ legally issued against them as joint promisors on the note, and there is to be found in the attachment law of the State, no objection to the form of the writ or the averments of the jurat. The note was signed by J. Fenwick Young, and endorsed by Joseph N.

Halley, Ex'r *vs.* Jackson and others, Trustees, *et al.*

Young in terms which make him a joint promisor, and in that form, was passed to the plaintiff's testator—they should be held as joint makers of the note.  *Sullivan vs. Violett & Dempsey,* 6 *Gill,* 181 ; *Walz vs. Alback,* 37 *Md.,* 404.

But regarding the defendants not as joint makers of the note, the Court should have allowed the amendment upon motion of the plaintiff's attorney to strike out the name of one of the defendants, J. Fenwick Young, so that the pleadings would have presented a proceeding against Joseph N. Young alone.  The law is very general upon the subject of amendments in all legal proceedings.  *Secs.* 23, 27 *and* 28 *of Art.* 75, *of the Code.*  The language of the law is very full and comprehensive, and has nothing in its letter or spirit to exclude from its operation attachment cases.  An attachment is a suit and action at law, and there can be no reason why amendments should not be allowed in such cases.  A suit by attachment is becoming under our law one of the most common and efficient proceedings for the collection of debts.  And although the point in question has not been, it is believed, expressly decided by this Court, yet in the case of *Thanhauser vs. Savins,* 44 *Md.,* 415, the foregoing sections of the Code are referred to, and construed by the Court in their opinion, and may fairly be supposed to authorize the amendment contended for in this suit.

*C. C. Magruder, Jr.,* and *Frank H. Stockett,* for the appellees.

The amendment asked for by the plaintiff was surely inadmissible.  Attachments under our law are remedies to be strictly pursued.  A proceeding like the one under consideration, is a very summary one, and may become a very harsh one.  Sections 28 and 29 of Article 10 of the Code, it is submitted, provide the only modes under our law by which attachments can be amended.

Halley, Ex'r *vs.* Jackson and others, Trustees, *et al.*

Those sections provide for amendments which are only formal, but in no other way. They do not give jurisdiction in one breath, to allow the attachment to be issued, and then when the trial comes, to permit a new case to be made out for the consideration of the Court. *Hinkley & Mayer on Attachs., sec.* 332, *&c.*

But the appellant avails himself of three sections (23, 27 and 28) of Article 75 of the Code, sub-title " Practice " in reference to amendments, which he thinks ought to have furnished authority sufficient for the Court below, to have allowed the action to stand against Joseph N. Young alone, and to have given a judgment of condemnation against his property so returned attached. We think not. Section 23 provides for amendments, so that cases may be tried on their real merits, and the purpose of justice subserved.

It cannot be contended that it would be trying this case upon its merits, if the plaintiff after endeavoring to hold both the maker and *endorser* under this attachment, should be allowed to select against which he will take judgment after he has brought *both* into Court, and that upon a writ so radically defective as to all recognized principles of remedies, and regardless of all the rights of the parties. It can't be said the ends of justice will be subserved, when a plaintiff assumes the right to convert the contingent responsibility of an endorser into an absolute one by a supposed right of amendment of " all suits or actions at law." Section 25 speaks of actions abating or being discontinued for defects therein named, but in the whole Article on Practice, not one word is said, or intended to be said, about the amendment of an attachment, the remedy by which is *strictissimi juris,* and the proceedings in which are to be held to the strictest accuracy. *Everson vs. Selby,* 32 *Md.,* 340 ; *Shivers vs. Wilson,* 5 *H. & J.,* 130 ; *Evans' Pract.,* 120 ; *Boarman vs. Patterson,* 1 *Gill,* 372 ; *Mathews & Zollikoffer vs. Dare & McClure,* 20 *Md.,* 248 ; *McPherson and others vs. Snowden,* 19 *Md.,* 197, 233.

Halley, Ex'r *vs.* Jackson and others, Trustees, *et al.*

Sections 28 and 29, in regard to *misjoinder* and *nonjoinder*, cannot apply to the present case.   They reach the ordinary actions and suits at law referred to in sec. 23, and not attachments.

Could they be made so to apply, it would be allowing the whole frame-work of the attachment proceedings to be altered by the Court *ad libitum.*   The affidavit might state one thing when it leaves the Notary, as in this case, and by the time the trial was had, and before the jury retire, there might be another case upon which the verdict must be given.   *Sterling vs. Garritee,* 18 *Md.*, 469 ;  *Canton Nat. Building Asso. vs. Weber,* 34 *Md.*, 669 ;  *Smith vs. Critchton,* 33 *Md.*, 103.

The *first* reason assigned below for quashing the attachment would seem to be conclusive.   There should have been separate attachments, and the joinder of two defendants in one attachment, where rights and interests were separate and distinct, was fatal.   The drawer and endorser of a note are bound to different liabilities, and their defences are different.   The writing on the back of the note, signed by Joseph N. Young, is nothing more than a waiver of notice of protest, and shows clearly in what character he considered himself to stand in reference to said note, for if he were a maker, joint or otherwise, there was no need of protest to bind him, and it was only as payee or endorser that he could waive protest.   The liability of an endorser is a contingent one only, depending on the failure of the drawer to pay after presentation, and due notice to the endorser of the dishonor of the note by way of the protest.   This exemption by his agreement in writing he waived, so that there was, so far at least as he was concerned, no need of any protest or notice of dishonor, but he did not thereby change his relation to said note, or waive any other of his rights or defences.

No authority can be found where the drawer and endorser (not being the same person) of a note have been allowed

Halley, Ex'r *vs.* Jackson and others, Trustees, *et al.*

to be sued in the same action.   *Wilson, et al., Adm'rs vs. Ridgely, et al.,* 46 *Md.,* 235 ; *Good vs. Martin,* 5 *Otto,* 90.

Brent, J., delivered the opinion of the Court.

Pending a motion to quash the attachment in this case, leave was asked by the plaintiff to be allowed to amend the proceedings, by striking out the name of one of the defendants, J. Fenwick Young, " where it appears in the affidavit of the plaintiff, in the warrant of the justice of the peace directing the clerk to issue the writ, in the writ of attachment, and in all the proceedings in the case, so that by said amendment all the proceedings will show and read as a proceeding against Joseph N. Young alone, and as if the name of J. Fenwick Young had not been written and appeared there."

Sections 23 and 27 of Art. 75 of the Code, in relation to amendments and the misjoinder and nonjoinder of defendants, cannot be understood as embracing the amendment here asked for.   The affidavit before a notary, and the warrant of the justice to the clerk are from a jurisdiction separate from that of the Circuit Court, and the latter can exercise no power of amendment over them.   They lie at the foundation of the proceeding in attachment, which must be strictly followed because the remedy is a statutory one, and if defective, the whole proceeding must fail.   If the Circuit Court were to exercise the power of amending the affidavit, so as to accommodate it to the circumstances and facts developed in the progress of a case of attachment, it would cease to be a condition precedent in that form of proceeding, and inconsistent with the spirit and object of the law requiring it to be made by the plaintiff.   If it could be amended in one important respect, it might also in another, until its whole character was changed, and the party affiant made to appear as presenting a state of facts different from those actually sworn to.

Nor can the warrant of the justice of the peace, directing the attachment to issue, be amended.   Most of what

Halley, Ex'r *vs.* Jackson and others, Trustees, *et al.*

has been said in regard to the affidavit, applies to the warrant of the justice. If altered by an amendment it would no longer be the warrant of the officer designated by law, but in reality would be the warrant of a tribunal without jurisdiction to issue it. Whatever might be held in regard to an amendment of the subsequent proceedings, these two are not permissible, and the Court below was right in refusing to allow them to be made.

The affidavit, the warrant of the justice and the declaration in the short note case, all proceed against the defendants, as if they were jointly bound on the note sued upon. This note, annexed to the affidavit, is not a joint note. While one of the defendants is the drawer, the other is the payee. Cases have been referred to in the argument, where an endorser has been held to be an original promisor—but these are not cases, where the payee, as in the present case, is the endorser. In the note before us the liability of these defendants is several and separate, and it is error in proceeding against them as if jointly bound. The endorsement by the payee, that he holds himself "responsible for the within note, without notice or protest," is of no other effect than to waive protest and notice, as a necessary step to fix his liability in case the drawer fails to pay the note at maturity.

The first reason assigned is therefore sufficient ground for quashing this attachment.

As we find no error in the action of the Court below in refusing the amendment asked for by the plaintiff, and in granting the motion to quash, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1878.)