MARION DUCKETT *vs.* JOHN Z. JENKINS and MARY
D. R. JENKINS, his Wife.

*Husband and Wife—Act of 1872, ch. 270—Suit against Mar-*
*ried woman for Services rendered.*

An action of *assumpsit* will not lie under the Act of 1872, ch. 270,
against a married woman, to recover compensation for services
alleged to have been rendered her under a power of attorney duly
executed by her husband and herself appointing the plaintiff to
represent them in the settlement of an estate.

APPEAL from the Circuit Court for Prince George's
County.

This is an appeal from a judgment in favor of the defend-
ants, on a general demurrer to the plaintiff's declaration.
The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT,
MILLER, ROBINSON, and BRYAN, J.

*Charles H. Stanley,* for the appellant.

*William Stanley,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The appellees, husband and wife, by power of attorney
duly executed, appointed the appellant their attorney to
represent them in the settlement of the estate of Milburn
Soper. This is an action of *assumpsit* by the appellant,
against the appellees, to recover compensation for services
alleged to have been rendered under the power of attorney,
and the question is whether such an action will lie against

*the wife.*  No such action it is conceded could be maintained at common law, because a wife could not be sued in an action *at law,* on her *personal contracts.*

The question then is, whether it comes within the provisions of the Act of 1872, chap. 270, which provides that a married woman may be sued jointly with her husband in a Court of law, on any note, bond, contract or agreement, which she may have executed jointly with her husband.  " May be sued on any note," " contract " or " agreement," that is, *the cause of action on which the suit is brought,* must be a " note," &c., made jointly with her husband.  Now the suit here is not brought on a contract or agreement made by the husband and wife.  It is not brought on the power of attorney, which is a sealed instrument, but the action is one of *assumpsit* against the wife to recover a reasonable compensation for services rendered her, and the power of attorney is offered in evidence to prove that the services were rendered at her request. Such an action is not in our opinion within the terms of the Act of 1872.  The power of attorney is an instrument revocable at any time by the parties who made it.  If the appellant has in fact rendered any services under it, his remedy if any, is by a proceeding in a Court of equity against the separate estate of the wife.

*Judgment affirmed.*