(Decided 22nd June, 1887.)

---

WILLIAM P. MAULSBY *vs.* ELIZA ANN BYERS, and JOHN G. BYERS, her Husband.

*Husband and Wife—Agreement by Wife in respect of her Separate estate—Action against Husband and Wife.*

An action at law against a married woman and her husband, to recover for professional services as an attorney, performed by request of the wife in respect to her separate estate, cannot be maintained as against the wife, it not being shown that any written contract or agreement was ever entered into by the parties.

A simple assent on the part of the husband to an agreement by his wife to pay for professional services to be rendered by an attorney, in regard to her separate estate, cannot be taken as a promise on his part to pay for such services.

A wife employed an attorney to institute proceedings in equity to foreclose a mortgage belonging to her separate estate. Pending the suit, the wife proceeded to collect, and did receive from the mortgagor the whole amount of the mortgage debt, and by a written order, signed by both husband and wife, procured the proceedings to be entered satisfied. The wife received the money in full satisfaction of the mortgage debt. A suit was brought by the attorney against the husband and wife to recover compensation due him for his services. The declaration contained counts for moneys had and received to and for the use of the plaintiff. HELD:

That as the moneys belonged to the separate estate of the wife, were received by her and not by her husband, there could be no recovery against him.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, and BRYAN, J., for the appellant, and submitted on brief for the appellees.

*William P. Maulsby, in propria persona.*

*Charles T. Reifsnider,* and *Charles E. Fink,* for the appellees.

IRVING, J., delivered the opinion of the Court.

In *Sturmfelsz vs. Frickey and Wife,* 43 *Md.,* 569, it was expressly decided that the Act of 1872, chapter 270, only provided for suits at law against a married woman upon such " written contracts or agreements by the wife" as she might execute jointly with her husband, and did not authorize a suit at law against the wife upon a verbal

agreement notwithstanding the husband may have joined with her in making such verbal agreement. As it is not claimed in the declaration, nor by the proof tendered, that any written contract or agreement was ever entered into by the appellees with the appellant, it is clear that under the case just cited no judgment could be rendered against Mrs. Byers. The appellant insists, however, that if judgment could not go against her, there was error in not allowing judgment against the husband. In the case cited there was an unequivocal agreement or contract, by both husband and wife, by parol, and the husband being liable at law on his verbal contracts, though the wife was not, a judgment was properly rendered against him. Looking to the declaration in this case we find, that in no count, or part of it, is the husband alleged to have employed the plaintiff, or promised or agreed to pay anything. The plaintiff is alleged to have been engaged to perform professional services in respect to the *separate estate* of the wife for which she is alleged to have promised compensation. It is also alleged that the contract was made in the presence of the husband and that he assented thereto. A simple assent on his part to the agreement of the wife, cannot be taken as a promise on his part, to pay for the services which were being engaged in the agreement, in and about the *separate property* of the wife. It is averred in the declaration, that the appellant had the custody of a certain mortgage to secure a large sum of money due Mrs. Byers as of her separate estate, and that the interest being overdue and unpaid, the wife by letter requested the appellant to proceed in equity against the mortgagor to procure a decree and collect the money secured by the mortgage; and that in pursuance of such written request of the wife in her letter, which was verbally assented to by the husband, the appellant did proceed to file a bill in equity upon the mortgage for the purpose of securing a decree and collecting the money

Maulsby *vs.* Byers.

secured thereby. It is then alleged that whilst the equity cause was pending, the wife, at the instigation of her husband, proceeded to collect, and did receive from the mortgagor the whole amount of the mortgage debt; and by a written order signed by both husband and wife did procure the bill in equity, and the proceedings pending thereon to be entered paid and satisfied. It then avers that the wife received the money paid her in full satisfaction of the debt the appellant had been employed to collect, and had taken proceedings to collect, and in consequence of, and by means of such proceedings and the services of the appellant, she got that she would not have received without such services, and that the compensation due him therefor according to the rate usually paid for such services when the plaintiffs in the suit are non-residents, as they were, was a thousand dollars, which had not been paid. Counts for moneys had and received to and for the use of the appellant are also contained in the *narr.*, and the theory of the appellant is that the commissions which he would have been entitled to retain had the moneys passed through his hands, have gone into the hands of the appellees; and his contention on this appeal is, that judgment therefor under the counts for money had and received ought to have gone against the husband, even if it could not go against the wife. This view cannot be sustained, for it is expressly averred that *the wife* received the moneys. They were her sole and separate estate, and in receiving the money she exercised a right she was entitled to by law. The husband was not entitled to the money. It was her own separate estate. It does not appear that he received any part of it, and if no part of it came to his hands, he was certainly not answerable for having received anything to and for the use of the appellant. He was certainly not chargeable for what

passed into his wife's hands. We think there was no error and the judgment will be affirmed.

*Judgment affirmed.*

(Decided 22nd June, 1887.)