GEORGE W. DAVIS, Executor of ANN CHATTERTON, *vs.* HANNAH A. CARROLL, by her next friend JOHN CARROLL.

*Bills of Exception—Practice in Court of Appeals—Demurrer—Motion in Arrest of Judgment—Action at Law against Féme Covert on her Contract for Services.*

Rulings on a demurrer, and on a motion in arrest of judgment, cannot be brought up for review on bills of exception.

That which may be availed of on general demurrer cannot be relied on in arrest of judgment. (Code, Art. 75, sec. 9.)

The common law doctrine, that a married woman cannot be sued at law in an action *ex contractu*, except as modified by express legislative enactment, still prevails in this State.

None of the statutory exceptions to this general rule of the common law, affects the disability of a *féme covert* to be sued upon a contract made by her for personal services in waiting upon and nursing her.

The estate of a *féme covert*, after her death, cannot be held responsible upon a contract which could not have been enforced against her when living.

When the suit is upon a contract of a *féme covert*, who can only be sued under prescribed conditions, it must appear by proper averments in the declaration that those conditions exist.

The fact that the contract of a *féme covert* specially charging her separate estate, may be enforced in equity, furnishes no ground for concluding that an action at law may be maintained against her personally, upon her mere promise to pay a debt for services rendered to her, even though she has charged her separate estate with the payment of it.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

Davis, Exec'r *vs.* Carroll.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*George Y. Maynadier*, and *\*S. A. Williams* for the appellant.

*David G. McIntosh*, for the appellee.

McSHERRY, J., delivered the opinion of the Court.

Hannah A. Carroll, by her next friend, John Carroll, instituted an action of *assumpsit* in the Circuit Court for Harford County, against George W. Davis, executor of the last will of Ann Chatterton, deceased. The case was removed to the Circuit Court for Baltimore County, and tried there. The declaration contains the common money counts, and also a special count, which will be set forth presently. A demurrer was filed to each and every count, and was overruled. Issues were finally joined, and a verdict being rendered for the plaintiff, a motion in arrest of judgment was filed and overruled, and judgment was entered on the verdict. From that judgment this appeal has been taken.

There are four bills of exception in the record. The first was taken to the ruling on the demurrer, and the fourth to the ruling on the motion in arrest of judgment. Such rulings cannot be brought up for review on bills of exception. But these questions are properly before us on other parts of the record, and will therefore be considered.

Precisely the same question is raised by the motion in arrest that is presented by the demurrer. That which may be availed of on general demurrer cannot be relied on in arrest of judgment. *Code, Art.* 75, *sec.* 9. Consequently the motion in arrest was properly overruled.

*The Court declined to hear Mr. Williams in reply.

There was no error committed in not sustaining the demurrer to the money counts.

The special count is in these words, viz., "And for that the said Hannah A. Carroll, at the special instance and request of the said Ann Chatterton, and relying upon the promises made to her by the, said Ann Chatterton in that behalf, and relying further upon the separate estate of the said Ann Chatterton, and upon the credit and faith thereof in connection with the promises of the said Ann Chatterton, did perform a large amount of menial service for the said Ann Chatterton, and waited upon and nursed her in her old age, and in her sickness, and underwent great bodily fatigue and exposure, and suffered great loss of rest, for all of which the said Ann Chatterton, being possessed of a separate estate, and her husband being possessed of no estate at all, promised to. pay and compensate the said Hannah A. Carroll in full."

It clearly appears upon the face of this count that Ann Chatterton was a married woman at the time the promises declared on were made by her; and it also appears, in like manner, that her husband was then living and that the agreement relied on was made by the wife alone, who is alleged to have been possessed of a separate estate, whilst the husband is alleged to have been possessed of no estate at all. Under these circumstances it is contended that the estate of the deceased wife is liable, in the hands of her executor, for the claim upon which this count is founded. Had the action been brought against Ann Chatterton in her life-time, she then being a married woman, it could not have been sustained. It has been repeatedly held in this State, in accordance with the doctrine of the common law, that a married woman cannot be sued at law in an action *ex contractu*, (*Griffith vs. Clarke*, 18 *Md.*, 457); and, except as modified by express legislative enactment, this same

disability exists to-day. *Bradstreet vs. Baer*, 41 *Md.*, 19. Under the Act of 1872, *ch.* 270, *Code, Art.* 45, *sec.* 2, a married woman and her husband may be sued at law, upon a contract in writing made jointly by him and her. *Sturmfelsz vs. Frickey*, 43 *Md.*, 569. The count now before us distinctly disclaims any such contract, but, on the contrary, sets up one made only by the wife. Manifestly, therefore, the case does not fall within that exception. By the *Act of* 1862, *ch.* 49, *Code, Art.* 56, *sec.* 36, a *féme covert* trader may be sued as a *féme sole;* and by the *Act of* 1882, *ch.* 265, *Code, Art.* 45, *sec.* 7, married women are authorized when trading as *fémes sole* to contract debts and to acquire property, and are made liable for any debt or claim incurred by them in the prosecution of their business; and they may be sued as though they were unmarried, But the statements of the count under review conclusively show that the claim is for something totally different from the causes of action contemplated by either of these statutes. The *Act of* 1867, *ch.* 223, *Code, Art.* 45, *sec.* 15, authorizes married women to make binding covenants in leases, and to bind themselves in deeds by covenants running with the land; and by the *Act of* 1882, *ch.* 385, *Code, Art.* 45, *sec.* 16, they are made liable on all covenants which run with the land, in leases and sub-leases, where the term becomes vested in them. It is perfectly clear that neither of these Acts has any reference to this case. The *Act of* 1880, *ch.* 253, *Code, Art.* 45, *sec.* 17, which permits a *féme covert* to be sued for debts contracted by her prior to her marriage, is equally inapplicable, because the declaration avers that the services were rendered and the promises were made during coverture.

This special count fails to set forth any facts showing that this married woman was within any of the statutory exceptions to the general rule of the common law respecting a *féme covert's* disability to be sued at law

A plaintiff's right to recover must be shown on the face of the declaration; and, when, therefore, the suit is one upon a contract of a *fême covert* who can only be sued under prescribed conditions, it must appear by proper averments that those conditions exist; otherwise, the declaration will be fatally defective on demurrer. Accordingly in *Duckett vs. Jenkins, et ux.*, 66 *Md.*, 267, where an action of *assumpsit* was brought against husband and wife to recover the value of services rendered under a power of attorney executed by them, a general demurrer to the declaration was sustained because the cause of action was not within the terms of the *Act of* 1872, *ch.* 270.

Inasmuch, therefore, as the special count sets forth no valid cause of action against Ann Chatterton herself, necessarily her estate, after her death, cannot be held responsible upon a contract which could not, for the reasons stated, have been enforced against her when living.

But it was insisted that, as she had a separate estate, she might have been sued at law upon the promises declared on. The cases relied on support a very different proposition. It is true, as held in *Koontz vs. Nabb*, 16 *Md.*, 549, and in many other cases, that where a *fême covert*, being possessed of a separate estate, specially charges that estate with the payment of her debts, the contract may be enforced *in equity*. By no process of reasoning can such a remedy furnish any ground for concluding that an action *at law* may be maintained against a *fême covert* personally, upon her mere promise to pay a debt for services rendered to her, even though she has charged her separate estate with the payment of it. It was held at one time, that such an action at law could be maintained, but the contrary doctrine is now firmly settled and established. 1 *Chit. Pl.*, 58; *Poe's Pl.*, 319; *Marshall vs. Rutton*, 8 *Term R.*, 545. The declara-

tion, however, does not allege that she so charged her separate estate, though if it had made that allegation, the result would not, as to this proceeding, be different.

For these reasons, we are of opinion that the demurrer to the special count should have been sustained.

It abundantly appears from the evidence set forth in the second exception that the services rendered by the appellee to the decedent were rendered during the coverture of Ann Chatterton, and that the promises made by her to pay therefor were merely her own verbal promises. In this state of the case, the declaration can not possibly be so amended as to sustain this action.    A reversal must follow, without awarding a new trial; and therefore the questions raised by the second and third exceptions become unimportant and immaterial.

*Judgment reversed.*