# THE HARVARD PUBLISHING COMPANY OF NEW YORK *vs.* MARGARET BENJAMIN.

*Husband and Wife—Action Against Married Woman on Note Made by her and Endorsed by her Husband as Payee—Liability of Married Women to Suits at Law—Joint Action Against Maker and Endorser of Note—Common Counts—Quashing Writ of Summons.*

A married woman is liable to be sued at law only upon such contracts or agreements as she is empowered by statute to make ; her common law disability still continuing as to all other undertakings.

Code, Art. 45, sec. 2, provides that a married woman may be sued at law jointly with her husband upon any note, contract, etc., which she may have executed jointly with him.   In an action against husband and wife one count of the declaration set forth a promissory note made by the wife alone, payable to the husband and by him endorsed in blank.   *Held,*

1st. That since the liability of the maker of a note is absolute and primary and that of an endorser contingent and conditional, the note sued on was not evidence of a contract executed by the wife *jointly* with her husband and was not within the statute.

2nd. That under the statute, the contract sued on must be in writing, executed by husband and wife jointly, and cannot be partly in writing and partly by parol, and consequently evidence is inadmissible to show that a note, which on its face is her note alone, was in reality the joint note of the two, since it would make her liability depend in part upon parol testimony, while the statute prescribes a writing.

The declaration in this case also contained the common counts in assumpsit and another special count setting forth the execution by husband and wife of a joint promissory note.   *Held,* that it was error to quash the writ of summons as to the wife, although the note filed with the declaration was not a contract upon which she could be sued at law.

The maker and the endorser of a promissory note, who is also the payee, cannot be joined in one action on the note.

Appeal from a judgment of Baltimore City Court quashing the writ of summons as to Margaret Benjamin, one of the defendants, in a suit on a promissory note.

The cause was argued before McSherry, C. J., Bryan, Fowler and Briscoe, JJ.

*William Reynolds*, for the appellant.

The whole question upon which the plaintiff's case against Mrs. Benjamin rests is this : Was the promissory note described in the eighth count of the declaration jointly executed by Mr. and Mrs. Benjamin, within the meaning of that term as used in section 2 of Article 45 of the Code ? If it shall be held to have been so jointly executed then the plaintiff is entitled to a judgment against Mrs. Benjamin, upon proof of the facts alleged, and the note filed with the declaration will be admissible in evidence and under the 7th and 8th counts thereof. The promissory notes, bills of exchange, agreements and other contracts, upon which the statute permits any married woman to be sued jointly with her husband are not restricted to those upon which they appear as joint promisors, but likewise include all that she has *executed jointly with him, i. e.*, any which could not be perfected as legal instruments except by the signatures of both of them. It is submitted that the cause of action as set forth in the eighth count of the declaration in this case comes fairly within this class. As a note signed by her and payable to him, it was, like other post-nuptial executory contracts between husband and wife, unenforceable in law ; but when he afterwards, pursuant to the previous understanding with his wife, endorsed it to the plaintiff, it then became an undertaking to pay it $288.84, which had been jointly executed by Mr. and Mrs. Benjamin. Had the note been drawn by Benjamin payable to the plaintiff and been endorsed by Mr. Benjamin before maturity, they would undoubtedly have both been liable as joint makers upon the note. The object of drawing the note and endorsing it to the plaintiff, as understood by all three parties to the transaction, was to make Mrs. Benjamin liable upon it to the plaintiff as surety for her husband, and the law in such case regards the drawing and endorsing as together, constituting

but a single act, in which Mr. and Mrs. Benjamin were joint participants. *Holmes* v. *Goldsmith*, 147 U. S. 159; *Smith* v. *State*, 66 Md. 215 ; *Schroeder* v. *Turner*, 68 Md. 502 ; *Wilmer* v. *Gaither*, 68 Md. 347 ; *Frederick Instn.* v. *Michael*, 81 Md. 502 ; *Klecka* v. *Ziegler*, 81 Md. 581.

*Joseph C. France* (with whom was *Robert E. France* on the brief), for the appellee.

It is apparent that the order appealed from must be affirmed, unless the cause of action set forth in the declaration constitutes a contract or agreement in writing (*Sturmfelz* v. *Frickey*, 43 Md. 569), executed by the wife jointly with her husband. (Code, Article 45, section 2). Two questions, therefore, arise ; *first*, whether the note described in the declaration is on its face the joint contract of the husband and wife within the meaning of the Code ; and *secondly*, if it is not on its face, such a contract, is oral testimony admissible, as against a married woman, to prove a different contract than that which the law presumes from the face of the note?

*First.*—It is clear that without resort to extrinsic oral evidence, the note in suit cannot be treated as a contract jointly executed by Mr. and Mrs. Benjamin ; a jointly executed contract can only be one which creates a joint obligation in the technical sense of these words ; mere assent of the husband to the agreement of the wife, even if evidenced by his signature on the agreement, is insufficient. If the wife's obligation be called W, and that of the husband H, then all W must be H ; to the extent that the wife is bound, H must coincide with W throughout the whole extent of the latter. *Davis* v. *Carroll*, 71 Md. 571 ; *Lowekamp* v. *Koechling*, 64 Md. 95. In *Wilderman* v. *Rogers*, 66 Md. 127, there was a cheque signed " M. M. Wilderman (the wife), per R. M. Wilderman (the husband)." Held, that even if the husband were authorized to sign for the wife he had not bound himself. If the contention of the appellant is that the statute requires simply the signatures of husband and wife on the

same paper and does not demand a joint obligation, technically so speaking, then the note of a husband and wife reading "we severally promise to pay" would be a good note under the statute, and the note of a married woman to any number of payees would be good, provided her husband was one of them.

*Second.*—It being clear, then, that the contract to comply with the statute must create a joint obligation of husband and wife, it is also clear that the note declared on does not on its face fulfill the conditions of the statute; in no sense consistent with clear thinking can it be said that the absolute obligation of a maker and the contingent obligation of the payee of a promissory note is joint. It remains, therefore, to consider whether the appellant is at liberty to prove orally "an intent and understanding," such as is set out in the eighth count of its *narr.* The appellee contends that inasmuch as the statute leaves the contract void as to the wife, unless it is in writing, it must be all in writing, and that oral evidence is inadmissible except to explain some language in the contract as written which is ambiguous or capable of double construction. This was the ground of admissibility in *Schroeder* v. *Turner*, 68 Md. 508, and the logical and elaborate reasoning of the Court in that case was entirely unnecessary if the views maintained by the appellant here are correct.

Inasmuch as a compliance with all the conditions necessary to establish the wife's liability under the statute, must be averred in the declaration, it is evident that the first six counts are demurrable; the seventh count sets forth an erroneous conclusion of law from the cause of action filed; the eighth count, and that upon which the appellant's counsel really relies, declares upon an agreement partly written and partly verbal; it alleges that the wife gave the note to the husband with the understanding that he should endorse it, for his debt, to the appellant. If this oral understanding could be proved, it would not of itself make the husband a joint maker, because the note of a wife to her husband is

not a mere nullity, but is an acknowledgement of the rela-
tionship of debtor and creditor between them, which a Court
of Equity will recognize.

McSHERRY, C. J., delivered the opinion of the Court.

Suit was brought in the Baltimore City Court by the Har-
vard Publishing Company of New York against Charles R.
Benjamin and Margaret Benjamin, his wife.   The declara-
tion contains the money counts, a count on a promissory
note executed jointly by the defendants, and a special count
wherein it is alleged that Margaret Benjamin, by her prom-
issory note, promised to pay to the order of Charles R.
Benjamin two hundred and eighty-eight dollars and eighty-
four cents, two months after date, " with the intent and un-
derstanding that said note should be indorsed by him to the
plaintiff, to be by it received in part payment of certain
property agreed to be sold by it to him by a contract dated
November the eighteenth, 1895, and that said note was so
indorsed by him to the plaintiff, and was duly presented for
payment and was dishonored, &c."   With the declaration
there was filed a promissory note drawn by Margaret Ben-
jamin, the wife, and payable to the order of Charles R.
Benjamin, the husband, and by him indorsed in blank.   By
leave of the Court the wife was allowed to make defence
separately from her husband, and she accordingly filed a
motion to quash the writ of summons against her for the
following reasons : First, because she did not contract or
promise to pay as alleged in the declaration ; and secondly,
because being a married woman she is not subject to suit
except as by statute allowed, and the cause of action set
forth in the declaration is not a cause of action upon which
by the statutes of the State of Maryland she may be sued.
The motion was sustained and the writ of summons was
quashed as to the wife.   From this order the pending ap-
peal was taken.

There are two questions presented by the record.   The
first is whether the note described in the special count and

filed with the declaration is a promissory note that is binding on the wife under the statutes of Maryland; and the second is whether the other counts of the declaration state a valid cause of action against the husband and wife jointly.

It is enacted in sec. 2, Art. 45 of the Code, that "any married woman may be sued jointly with her husband in any of the Courts of this State on any note, bill of exchange * * * contract or agreement which she may have executed jointly with her husband;" and this has been construed to include only contracts or agreements reduced to writing and signed by both husband and wife. *Sturmfelz* v. *Frickey*, 43 Md. 569. The wife is liable to be sued at law only upon some contract or agreement that she is empowered by the statute to make ; her common law disability still continuing as to all other undertakings. *Davis* v. *Carroll*, 71 Md. 571. Inasmuch, then, as to be binding on her under the section of the Code quoted above, the contract or agreement sued on must be in writing and must be executed by the wife jointly with her husband; it is quite apparent that the provisions of the statute will not be gratified if but part of the contract be in writing and part in parol ; or if the contract, promise or agreement be not executed by the wife jointly with her husband. If the contract be not wholly in writing, or if it be not executed jointly by husband and wife, and if it be a contract whose validity depends upon a compliance with the above quoted provision of the Code, there can be no liability on the part of the wife, and consequently no suit or action can be maintained at law thereon against her. This is the settled law of Maryland often declared and now merely reiterated.

The averments of the special count of the *narr.* make it clear that the plaintiff seeks to hold the wife liable upon the note therein described, not because the note upon its face discloses a contract in writing, executed jointly by the husband and wife, but because *dehors* the note it may be made by parol evidence to appear that the note was executed by the wife, with the intent and understanding that it should be

indorsed to the plaintiff, whereby the assent of the husband to the execution of the note by the wife is sufficiently evidenced to convert *her* note, payable to *him*, into the *joint* note of the *two* by his indorsement.    But if it be conceded that such evidence would tend to show that the note, which on its face is *her* note alone, was in reality the *joint* note of the two, it would clearly be inadmissible, for it would make her liability depend not on the evidence which the statute prescribes—*a writing*—but upon parol.  To allow this would broaden the statute by interpretation, and would directly reverse the ruling in *Sturmfels* v. *Frickey, supra.*    But besides this, no parol evidence could be received to vary or alter the character affixed by the law to the undertaking of the husband as the payee and indorser of the note.    The contract to be binding on the wife, in cases like this, must be executed by her jointly with her husband.    The note described in the special count and filed with the declaration is a promissory note, made by the wife alone, and payable to the husband, and by him indorsed in blank.    It is obvious that the liability of the *maker* of a promissory note is quite different and distinct from the liability of an *indorser*, who is also named as payee.    The liability of the maker is absolute and primary, that of such an indorser is contingent and conditional.    The payee of a note incurs no liability on it until he becomes an indorser.    Up to the moment that he indorses the note no one is liable on it but the maker ; though when the payee does indorse it, he enters into a contract separate and distinct from that of the maker.    The two contracts or undertakings are so distinct, that both the maker and the indorser, who is also the payee, cannot be joined in one action on the note.  *Halley* v. *Jackson,* 48 Md. 254.  Assuming that the note drawn by Mrs. Benjamin was binding on her, her liability was that of a maker.    When her husband, who was the payee, indorsed it, he incurred, not a joint liability with her as maker, but a separate contingent liability as indorser.    These two contracts being wholly different, do not form one joint undertaking, and

consequently the note described in the special count and filed with the *narr.*, does not evidence a contract executed by the wife jointly with the husband, and therefore cannot be recovered on under the statute. Hence, had there been no other count in the declaration, the order quashing the writ would have been free from error. The case at bar is clearly distinguishable from *Schroeder* v. *Turner*, 68 Md. 506. In that case the notes were drawn by Herbert & Company, payable to Schroeder, and were indorsed by the wife of Herbert. Under the case of *Ives* v. *Bosley*, 35 Md. 262, the wife was held to be a joint maker.

The seventh count states a good cause of action. It contains an averment, that the husband and wife by their promissory note, executed by them jointly, promised to pay to the plaintiffs a designated sum of money at a specified time. Whilst under this count the note filed with the declaration would not be admissible in evidence, for the reasons we have already given, yet any note answering the description in the count could have been offered. With this count in the declaration it was error to quash the writ of summons. It was equally erroneous to quash the writ when the common counts were in the declaration. *Davis* v. *Carroll*, 71 Md. 568. In the case last cited, we held that a demurrer to the common counts was bad. The suit there was in assumpsit against the executor of the last will of Ann Chatterton, deceased. The declaration contained the common money counts, and also a special count. A demurrer was filed to each count and was overruled. This ruling was held to be correct, as to the common counts, but erroneous as to the special count. In dealing with the special count, we said: "A plaintiff's right to recover must be shown on the face of the declaration; and when therefore the suit is one upon a contract of a *feme covert*, who can only be sued under prescribed conditions, it must appear by proper averments, that those conditions exist; otherwise, the declaration will be fatally defective on demurrer." There were no averments in that special count, which disclosed a

liability on the part of the *feme covert;* but the language
used in disposing of the question presented by the demurrer
to that count cannot be separated from the subject under
consideration and applied to a totally different subject.
Under the common counts, now before us, a recovery could
be had upon any written contract, not under seal, executed
by the husband and wife jointly, that was admissible in
evidence under the issue joined on the plea thereto. The
question intended to be raised by the motion to quash
would have arisen on an objection to the admissibility of
the proffered evidence; and in that way only.

The first reason assigned for quashing the writ amounts
merely to the plea of never promised as alleged, and even
if true in point of fact, furnished a defence to the suit, but
not a ground for quashing the writ.

Because of the error in quashing the writ whilst there
were good counts in the declaration, the judgment appealed
from must be reversed.

> *Judgment reversed, with costs above
> and below and new trial awarded.*