Filed December 26, 1928.

IN THE CONSOLIDATED CASES OF
C. H. EHRMANN
VS.
SARAH R. HENDRICK.

*Knapp, Tucker & Thomas* for plaintiff.

*Vernon Cook* and *Louis P. Bolgiano* for defendant.

STEIN, J.—

The plaintiff brought the suits, here consolidated, to recover on the defendant's four overdue promissory notes, dated February 9, 1925, drawn to plaintiff's order, each for one thousand dollars and interest, payable respectively, eighteen, twenty-four, thirty and thirty-six months after date.

Two general issue pleas and an amended special plea were filed; the latter set up in defense, that when the defendant signed the notes, she lived in Florida, was a married woman, that her husband did not sign them and under the Florida law cannot be held personally liable on them; the plaintiff set up by way of replication, that the notes were given to evidence the balance of the purchase money due for a vacant lot in Florida, the defendant bought from the plaintiff under a written contract.

The case was submitted to the Court sitting as a jury, on depositions and an agreed statement of facts.

At the close of the case, the defendant offered two prayers for a directed verdict, i. e., a demurrer and a variance prayer.

In argument, the plaintiff contended that:

1. The defendant is personally liable at law on her notes and contract, in Florida as well as Maryland.

2. If not liable at law, the Court should transfer the consolidated cases to a Court of Equity, under Section 44 of Article 26, 1 Bagby's Code, page 941.

3. That, in any event, the defendant is liable in Maryland on the written promises to pay, contained in her letters to the plaintiff, sent after she executed the contract and notes.

The defendant contended that:

1. She is not liable personally at law on the contract or notes, either in Florida or in Maryland.

2. She is not liable, on her written promises.

3. The cases cannot be removed to a Court of Equity.

The Court finds the following facts, viz:

1. That the defendant's four notes declares on (with two others since paid), evidence the balance due the

plaintiff under a written contract for the sale to the defendant of a vacant lot in Dade County, Florida.

2. That, the contract and the notes were executed in Florida, where the defendant and plaintiff then and now reside; that the defendant then and now lives in the City of Baltimore several months each year and owns property in Maryland.

3. That, when the defendant signed the contract and notes she was married, and her husband did not sign either.

4. That, after signing the notes, the defendant, in many letters, promised to pay the notes sued on, which letters her husband did not sign.

5. That, under the Florida Constitution adopted in 1885, the plaintiff can have the lot he sold the defendant charged in equity with the payment of any part of the purchase money due and unpaid for the lots, the rents and profits thereof sequestrated and the lot sold.

6. That, when the notes and contracts were signed, under the Florida law, the defendant could not be held personally liable on them, either in law or in equity.

The rights of the parties thereto depend upon the law of Florida, where the contract was made and the notes signed.

In Union Trust Co. vs. Knabe, 122 Md. 584, which involved the contractual capacity of a married woman, who a resident of Maryland, made a contract in New Jersey, our Court of Appeals (at page 608), Urner, J., held, the capacity of the parties and the validity of a contract are to be determined by the law of the place where the contract was made.

"It is a universal principle, governing the judicial tribunals of all civilized nations (for the truth of which no authority need be cited), that the *lex loci contractus*, controls the nature, construction and validity of the contract. Courts will always look to the *lex loci* to give construction to an instrument, and will impart to it validity, according to those laws, unless it would be dangerous, against public policy, or of immoral tendency to enforce it here."

At 609, held:

"The law of the place of the contract was held decisive on the question of incapacity to contract incident to coverture."

The findings of fact that the contract and notes were executed in Florida, required the Court to find as a fact the Florida law, which governs the rights of the parties.

In Florida, at common law, a married woman did not have the capacity to contract.

Dollner, etc., vs. Snow, 16 Fla. 86:

"At common law the promissory note of a married woman is void. The Constitution and statutes of the State make no change in this respect. Neither at law nor in equity can she bind herself so as to authorize a personal judgment against her."

This incapacity continued until modified in 1885, by Article 11, of the Florida Constitution, Section 1 of which, empowers a married woman to hold real or personal property owned before marriage, or thereafter lawfully acquired by gift, devise, bequest, descent or purchase, which when so owned and acquired, is called her separate property; and cannot be made liable for her husband's debts without her written consent.

Section 2, of this Article, authorizes a married woman to charge such property in equity, with certain kinds of her obligations; and allows it when so charged, to be sold and the rents and profits sequestrated.

The above are all of the provisions of Article 11, of the Florida Constitution, controlling the decision in this case. They modify the common law incapacity of a married woman, so as to allow her to hold as her separate property that acquired in designated ways; they protect such property from her husband's debts, and allow her to charge it, in equity, with named kinds of obligations; to enforce payment of which a court of equity is empowered to sell such property and to sequester its income.

The Florida Courts hold that these provisions do not authorize a personal judgment or decree against a married woman, either at law or in equity, on an obligation not signed by her husband. Nutt vs. Coddington, 34 Fla. 77,

at 81; Equitable B. & L. Assn. vs. King, 48 Fla. 252, 261 to 264; Moore vs. McDonald, 55 Fla. 776; Virginia Co. vs. Fisher, 58 Fla. 377, at 386 and 387.

The contention that the Florida law empowers a married woman to charge, in equity, all of her property with the payment of the notes in question, ignores the constitutional provisions quoted; does not recognize that the Florida law does not allow a married woman to acquire as her separate property her earnings, and her right of action growing out of a tort or injury to her person or property. Stewart, "Husband and wife," Sections 228 and 230.

As to those classes of her property, the common law incapacity of a married woman still remains under the Florida law, and her contracts in connection therewith are void.

That "it would not be dangerous, against public policy or of immoral tendency, to enforce this Florida law in Maryland," is shown by Union Trust Co. vs. Knabe, supra, and by the following cases, which hold the Maryland law and the Florida law to be the same. Six vs. Shaner, 26 Md. 415; Muzz vs. Grove, 27 Md. 391; Davis vs. Carroll, 71 Md. 568, in which at 570, the Court, McSherry, J., said:

"It has been repeatedly held in this State, in accordance with the doctrine of the common law, that a married woman cannot be sued at law in an action ex contractu, and except as modified by express legislative enactment, the same disability exists today."

The plaintiff cannot be held liable on the written promises to pay contained in her letters; not only because her husband did not sign them, but because of her incapacity under the Florida law to bind herself personally on her contract and notes. Norris vs. Lantz. 18 Md. 260, at 269.

"Except in regard to the separate property of a feme covert all her covenants, contracts and agreements, in court of law as well as of equity, are null and void, and she is under no obligation and cannot be compelled to perform them, whether entered into by herself or on her behalf by her husband, with or without her consent."

In Sturmfelz vs. Frickey, 43 Md. 569, at 572, it was held:

"That an action at law could not be maintained against a married woman upon her written contracts or agreements."

These authorities show the plaintiff cannot recover at law, can she in equity? Sec. 44, Art. 26, 1 Bagby's Code, 1924, folio 941, confines the right of removal to those cases:

"In which it shall appear that the plaintiff is entitled to some relief or to some remedy, but not in the particular Court or side of the Court, in which the suit is brought for relief prayed."

The Maryland courts of equity do not have jurisdiction to decree against the defendant's separate estate in Florida. They cannot decree specific performance, because the plaintiff's rights under the Florida law is limited to a suit in equity to charge the defendant's lot in Florida with the payment of the balance of the purchase money, without any power in the Court to render a decree in personam against the defendant for any deficit.

The right being limited to the defendant's separate property in Florida could not be exercised against those other kinds of property as to which, under the Florida law, her common law incapacity still remains, i. e., her property in her earnings, and in her right to recover for an injury to her person or property, so that the plaintiff cannot recover in personam against the defendant in equity.

The plaintiff is not entitled to some relief or remedy in a Court of equity in Maryland. This case cannot be removed under the Section and Article quoted.

The plaintiff cannot recover in Maryland either at law or in equity.