Parsons. C. J.
We are, on consideration, satisfied that the *16 Common Pleas erred in refusing to tax costs for the plaintiff in this action. To a case of this sort the provision of the statute is not applicable, but to cases only where the same .plaintiff had at the same term sued the same defendant in several actions on demands which might have been joined in one action.
By this note the plaintiff had a joint demand against all the promisors, and he also had a several demand against each of them. He could not in one action join the several demands; if he sued in one action all the promisors, he could not sue them on the several demands, but must have sued them on the joint promise.
A different construction is not only against the manifest intent of the section cited, but might also be mischievous. The plaintiff, on a joint and several note, can have but one satisfaction of his damages; but he may have satisfaction of his costs recovered against each promisor. But when judgment is rendered, it may be very uncertain, in which action he may be able to obtain his satisfaction, either of the damages or costs. And if he tax costs against one of the promisors only, that promisor may be without any property, which may be seized on the execution. If, * 20 ] therefore, this section * be extended to joint and several promises in a note of hand, the plaintiff must waive the advantage of suing at the same term on the several promises, or run the hazard of losing his costs of suit.
The advantage of considering the promise as several was manifest when this statute was passed, for at that time the satisfaction of a joint judgment, if either of the debtors afterwards died, could be demanded only against the survivors, who might be insolvent.
This principle of the common law has been since wisely altered by the statute of 1799, c. 57. But this alteration cannot affect the construction of an existing statute.
The section relied on by the defendant is a revision of the temporary act of 18 G. 2, c. 1. In this provincial act no doubt could arise, for it is expressly confined to several actions sued at the same term against the same person or persons. But the principle of the revising section and of the temporary statute is the same, and there is no ground to presume that the latter was intended to be altered by the former.
Let the plaintiff have judgment, as well for his legal costs as for his damages.