M’Girk, C. J.,
delivered the opinion of the Court.
This was an action on the case by an endorsee of two promissory notes, against the payee and first endorser. The declaration states that James Thompson and John P. Finley, as partners, by Finley, made their notes to Hempstead, that he endorsed them to John W. Thompson, who endorsed them to the plaintiff.
The declaration is in the common form, stating that Hempstead endorsed to J. W. Thompson, and that he endorsed Co Hunter, the plaintiff. First plea, non-assumpsit. Second plea, that the de*' udant did not make the endorsement to J. W. Thompson, as stated in the declaration. Third plea alledges the plaintiff had commenced his action against the makers of the notes, and that one of them was arrested and appeared to the action. To the first and second pleas, issue is taken to the country, and to the third there is general demurrer. The two issues of fact were found by the Court for the plaiutUF, and the demurrer to the third plea sustained. It is ihe opinion of this Court, the issues of fact were rightly found, as for any thing appearing of record to this Court: and agreeably to the decision of this Court, at this term, Hunter v. Price, the demurrer was rigidly sustained; there the question was, what is sufficient diligence on the part of the holder of an endorsed promissory note to entitle him (o maintain his action against the endorser? And it was decided, on solemn argument, by (be whole Court, that a demand on the maker, when the note becomes due, and his failure to pay, are sufficient to maintain the action. This case is exactly like that, and must be governed hy it. Now here the question is solemnly made, can the makers of a note and the endorser be sued at the same time, in several actions? (see Chitty on Bills, American edition, 361;) and the question is also made, that here there is no privily between Hunter and Hempstead, and that, to entitle blunter to sue Hempstead, J. W. Thompson’s name should have been stricken from (he nolo; Chitty on Bills, 370, (American edition,) is expressly to the contrary. Another error complained of in disposing of the first issue is, that by the bill of exceptions in this case, it appears no demand of payment of said notes was made of Finley, but only of Thompson, one of the partners.
It cannot be perceived how it is necessary to make a demand of all the partners composing a company; one partner may make a note in the course of business, and bind the company, ( Watson on Part. 195, Chitty on Bills, 40, 41;) he may accept a bill drawn on them, and they are hound by it; he may make payment of a note, or bill made, or accepted by the company, (see as above, Watson and Chitty,) and how *49 it can be, that the refusal of one partner to pay, is not a refusal of the company as to the holder, this Court cannot discover. There is, therefore, no error on this point.
1 The hill of exceptions shows that at the time the notes were made, the defendant endorsed them in blank, and then J. W. Thompson also endorsed in blank, and they were then delivered to the plaintiff, and the witness knew of no other object in making the endorsements but to secure payment. It was insisted by the defendant, on the trial of the cause in the Circuit Court, that, as it respected the second issue, this testimony and these facts were ineffectual in law to authorise the plaintiff to fill the endorsement a3 he had, and so the defendant insisted the second issue ought to have been, by the Court, found for him.
It often happens in the course of business, notes are endorsed by several at the same time, for no other purpose than to make the payment secure; but let this be as it may, the legal properties of the instrument, and the legal effect of the endorsements, am not altered. The holder may fill the blank endorsements to himself, or strike some out if he chooses to do so, (Chit, on Bills, Amer. ed., 370, 371.) The endorser in this case has treated the instrument as he was warranted by law to do. There is no error on this point.
Let the judgment, therefore, be affirmed with C03ts.