# Harris *v.* Swanson & Brother.

*Action to recover Statutory Penalty for Failure to Enter Satisfaction of Mortgage on Records.*

1. *Release by one of several plaintiffs, or after suit brought.*—A release, executed by one of several plaintiffs, without the assent or authority of the others, does not affect their right of recovery ; and when a release is executed after suit brought, it does not "bar the expense of the suit theretofore incurred."

2. *Entering satisfaction of mortgage on record ; transfer before request ; admissibility of record of pending suit by assignee.*—When a mortgage has been transferred before request to enter satisfaction on the record, the mortgagee is not liable to the statutory penalty for a failure or refusal to enter satisfaction on request afterwards made (Code, §§ 2222-23) ; and action being brought against him to recover the penalty, the record of a suit by the assignee against the mortgagor, pending at the commencement of the action, is competent evidence to prove notice of the transfer, if for no other purpose.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

This action was brought to recover the statutory penalty of $200, for the failure of the defendants, Swanson & Brother, sued as a partnership, to enter satisfaction of a mortgage, on request, and was commenced on the 7th August, 1875. The original complaint was in the name of M. H. Harris ; but an amended complaint was filed in September, 1879, in the names of said Harris and John P. Wright, jointly, in these words : " Plaintiffs claim of defendants the sum of two hundred dollars, for that whereas, on the 26th February, 1874, the plaintiffs jointly executed to the defendants a mortgage, the law day of which was October 15th, 1874, and which *was to recover* [was given to secure ?] the indebtedness named therein, and on the property therein conveyed ; and plaintiffs aver that said defendants filed said mortgage for record, in the office of the probate judge of said county, on the 26th day of February, 1874, and that the same was recorded at their instance, in," &c. ; " and that after the execution of said mortgage, and after the same had been recorded as aforesaid, said defendants received of plaintiffs satisfaction of the amount secured by said mortgage ; and that plaintiffs, after defendants had so received satisfaction of said mortgage as aforesaid, to enter satisfaction thereof on the margin of the record of said mortgage ; and that said defendants, after being so requested, failed for three months after said payment and request, either

VOL. LXVII,

[Harris v. Swanson & Bro.]

in person or by attorney, to make such entry, and that they so failed before the beginning of this suit."

The defendants filed eight special pleas, the 6th being in these words : " Plaintiff's said suit ought not to be further maintained, for that since the commencement of said suit, but before issue joined, the plaintiff, John B. Wright, executed and delivered to defendants an instrument in writing, fully discharging and acquitting these defendants of any and all liability to plaintiffs by reason of their alleged failure to enter satisfaction of said mortgage, as complained of by said plaintiffs, and acknowledging payment in full of all claims and demands of said plaintiffs against defendants, by reason of such failure ; which release and receipt was intended by the parties thereto as a settlement in full of the matters between them by reason of the defendants' failure to enter satisfaction of said mortgage." The plaintiffs demurred to this plea, assigning the following as grounds of demurrer : " 1st, that said plea does not state that there was any consideration for said release and acquittal ; 2d, that it does not aver that said instrument of release was executed after said Wright was made a party to this suit ; 3 l, that it does not aver that said Wright was authorized by Harris to execute said instrument, or to acquit and release defendants ; 4th, that said plea shows that said Wright could (?) execute said instrument of release and acquittal." The court overruled this demurrer, and the plaintiff then replied, that the release executed by Wright, if executed at all, was without consideration ; to which replication a demurrer being sustained by the court, the plaintiff took issue on said 6th plea with others, and there was a trial by jury.

During the trial, a bill of exceptions was reserved by the plaintiffs, in these words : " Defendants offered in evidence the record of a suit in detinue, which was pending on the 1st February, 1875, at the time notice was given by plaintiffs to defendants to enter satisfaction of said mortgage ; in which suit, one W. C. Gholson was plaintiff, and M. H. Harris, one of the plaintiffs in this suit, was defendant. In connection with the offer of said record, and as preliminary thereto, defendants introduced evidence tending to show that said W. C. Gholson was the transferree of Swanson & Brother, the defendants, of the mortgage executed to them, for the alleged failure to satisfy which the plaintiffs now sue, and brought said suit, as such transferree, against said M. H. Harris, to recover a part of the property embraced in the mortgage ; and that the question of the satisfaction of said mortgage was involved in said suit. Plaintiffs objected to the introduction of said record, on the following grounds ; 1st, that said evi-

dence was irrelevant ; 2d, that the fact that a suit asw pending between said Gholson and Harris, was no matter of defense to this action ; 3d, that the pendency of said suit, at the time of notice given to satisfy said mortgage, was no answer to the complaint. The court overruled the objection, and permitted said record to be introduced as evidence ; to which ruling plaintiffs excepted."

The rulings of the court on the pleadings, and the admission of the record in evidence, are now assigned as error.

W. C. BREWER, for appellants.

ABERCROMBIE & GRAHAM, contra.

STONE, J.—The 6th plea is defective, and the demurrer to it should have been sustained. Wright's release could and did not bar Harris's right of recovery. Moreover, the release being executed long after the action was pending, could not bar the expense of the suit theretofore incurred.—*Harris v. Swanson*, 62 Ala. 299 ; *Cunningham v. Carpenter*, 10 Ala. 109; *McDougald v. Rutherford*, 30 Ala. 253, and authorities.

The Circuit Court did not err in receiving evidence of the pending suit by Gholson, assignee of the mortgage, brought against Harris before the latter requested Swanson & Brother to enter satisfaction of the mortgage. If the transfer had been made before that request was made, Swanson & Brother had no power or authority to satisfy the mortgage, and failing to do so imposed no penalty on them. The record of that suit, if admissible for nothing else, was competent evidence to prove notice to Harris that the transfer had been made. *Graham v. Newman*, 21 Ala. 497.

Reversed and remanded.