# Lindsay *v.* Barnett.

## *Action of Trover.*

1. *Plea puis darrein continuance; what not matter for.*—Matter of defense arising after suit is brought, but before issue is joined, is not proper matter of a plea *puis darrein continuance;* and it is not necessary that the plea setting up such matter should be verified by affidavit.

2. *Same; same; action of trover.*—In an action of trover to recover damages for the conversion of three bales of cotton, a plea filed at the first term of the court and before issue joined, in which the defendant admits the purchase of one bale of cotton upon which the plaintiff had a lien, which cotton is involved in the suit, and then alleges that after the institution of the suit the defendant had paid the plaintiff for said bale of cotton, together with the costs of the suit, and the amount so paid was all the defendant was liable to the plaintiff for, is not a plea of *puis darrein continuance,* and it is not necessary that it should be verified by affidavit.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of trover brought by the appellant, Larkin Lindsay, against the appellee, to recover damages for the alleged conversion of three bales of cotton. The suit was instituted on December 23, 1898.

At the spring term of the circuit court of Geneva county, on March 21, 1899, the defendant filed three pleas, the first and second were the pleas of the general issue. The third plea was as follows: 3. "Defendant admits that he bought one bale of cotton upon which plaintiff had a lien or mortgage, which is involved in this suit, but that he paid the plaintiff or his attorney of record for the bale of cotton and the cost of suit up to the date of settling, to-wit, February 13, 1899, and

after commencement of suit, which sum or sums plaintiff accepted, and gave his receipt therefor; that this bale of cotton and cost of suit up to the time of payment on February 13, 1899, was all that defendant was liable to plaintiff for, and, therefore, pleads this in bar to further maintenance of the suit." The plaintiff moved to strike the third plea from the file, upon the ground that it was not verified by affidavit. This motion was overruled, and the plaintiff duly excepted. There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the overruling by the court of the motion to strike from the file plea numbered three.

W. O. MULKEY, for appellant, cited Code, § 3?.?3; *Penn v. Edwards*, 50 Ala. 63; *Evans v. Cincinnati R. Co.*, 78 Ala. 347.

J. J. MORRIS, *contra*, cited *Dryer v. Lewis*, 57 Ala. 551; *Sadler v. Fisher*, 3 Ala. 200; *McDougald v. Rutherford*, 30 Ala. 253; *Sherman v. Jackson*, 47 Ala. 332; *Burns v. Hindman*, 7 Ala. 531; *Henry v. Porter*, 29 Ala. 619.

DOWDELL, J.—The only question presented by this record is the overruling by the court below of the plaintiff's motion to strike the third plea of the defendant. It is insisted by appellant that this is a plea *puis darrein continuance*, and as it was not verified his motion to strike should have been sustained. The plea was filed together with other pleas at the first term and before issue joined, and set up payment after suit begun. A plea of *puis darrein continuance* is a plea filed after issue joined, and setting up matter of defense arising since the last continuance or after suit commenced. The third plea of the defendant does not come within this characterization and was not required to be sworn to. *Dryer v. Lewis*, 57 Ala. 551; *McDougald's Admr. v. Rutherford*, 30 Ala. 253; *Sadler v. Fisher's Admr.*, 3 Ala. 200. There was no error in overruling the motion to strike.

The judgment of the circuit court is affirmed.