# Stevens *v.* Standard Oil Co.

## *Assumpsit.*

thereupon rendered for the plaintiff. Code 1907, § 47 South. 140.)

1. *Pleading; Puis Darien Continuance.*—In an action for a debt a plea ,stating that the defendant had paid the debt for which the action was brought, was not a plea of puis darien continuance.

2. *Costs; Successful Party; Plea; Payment.*—Where issue is taken upon a plea that the debt for which the action was brought has been paid, and it appears on the trial that the payment was made after

the institution of the suit, the plea is proven entitling the defendant to judgment for costs, and it is erroneous under such a state of facts to tax the costs against the successful defendant.

3. *Appeal and Error; Issues in Lower Court; Objections There.*— Where the defendant insisted upon his plea of payment in the lower court, although he urged that payment was made before suit was brought, it cannot be assumed that his insistence for the first time on appeal that his plea was broad enough to cover payment before and after suit brought, was the taking advantage of the informality of his pleading for the first time on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Assumpsit by the Standard Oil Co. against E. G. Stevens. From a judgment taxing defendant with the costs, he appeals. Reversed and rendered.

WARD & WARD, for appellant. Appellee took issue on the plea, and it was proven as pleaded, and the defendant was entitled to the verdict.—109 Ala. 567; 110 Ala. 161; 56 Ala. 190.

STERLING A. WOOD, for appellee. Counsel discuss assignments of error but without citation of authority.

McCLELLAN, J.—The pleas interposed by the defendant (appellant) were the general issue and "that he has paid the debt for which this action was brought." It is to be noted that the plea of payment did not aver that such payment was made before the commencement of this suit. It is clear that such plea is not one puis darrein continuance.

Upon these issues the court, without jury, found that payment of the demand for which the plaintiff sued was made after the suit was instituted. Judgment was thereupon rendered for the plaintiff. Code 1907, § 1325, commands that, unless otherwise directed by law, the successful party in all civil actions shall have judgment for full costs. We know of no authority reposed

[Stevens v. Standard Oil Co.]

in the court below to cast the costs, upon such issues as were here made, otherwise than in favor of the successful party, as the cited statute requires. The plea of payment was proven, whether the satisfaction of the demand was had before or after suit brought; and the plaintiff, having taken issue thereon, without objection or reply thereto, was bound, in order to refute the plea, to show that no payment at any time had been made. Both parties having affirmatively formed the issue on the plea as framed, the defendant was entitled to his judgment, if payment at any time was proven; and this the court found. And it is manifestly a non sequitur to assume, as the dissent does, that, because the defendant contended that payment was made before the suit was brought, in literal proof of his unlimited plea of payment, he is taking "advantage of the informality of his own plea for the first time on appeal."

The judgment below, therefore, is reversed, and one will be here rendered in favor of the defendant.

Reversed and rendered.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.

DOWDELL, J. (dissenting).—The case originated in the inferior court of Birmingham, a court exercising jurisdiction of a justice of the peace. In that court a judgment was rendered, on August 7, 1906, in favor of the plaintiff, with remittitur of damages. After the time had elapsed for taking an appeal, the defendant by statutory certiorari had the cause removed to the circuit court, where it was tried by the court without a jury, and judgment for the costs was rendered in favor of the plaintiff. In the circuit court the defendant filed two pleas—the general issue and payment. On this appeal, for the first time so far as is disclosed by the record, the defendant insists that this plea of payment did not aver

that payment was made "before suit brought;" and that as pleaded it was literally sustained. The defendant should not be allowed to take advantage of the informality of his own plea for the first time on appeal, when it is manifest from the record that the contention on the trial in the circuit court, under this plea, was as to whether the defendant was liable for costs under the evidence.

The defendant did not deny that he owed the debt, and in his petition for a certiorari of the case from the inferior court to the circuit court, which was sworn to by him, his claim was, not that he had paid the demand before suit brought, but before service of summons on him, and that the plaintiff, having accepted the payment, was not entitled to any judgment for debt or damages, and therefore was not entitled to judgment for costs. In the circuit court, where judgment was rendered for the plaintiff for the costs, it is recited in the judgment entry that the proof showed that the payment was made after suit brought. The bill of exceptions—where all of the evidence is set out—shows the same thing. The plea of payment, it is true, did not aver that the payment was "before suit brought," and for this omission might have been demurred to; but, as for that matter, it did not aver when the payment was made. When speaking of pleas of payment, it is commonly understood that reference is had to payment before suit commenced. There is not a thing in the record to indicate that the question, now raised on this appeal by the appellant, was ever brought to the notice of the trial court in any form or manner; but, on the other hand, I think the record fairly and reasonably shows that the only contention was as to the defendant's liability for costs upon payment by defendant of the demand sued on after suit brought. And certainly, under the law, he was liable

[Willoughby v. Hannon.]

for all costs in such a case up to the time of payment. It seems to me to be unfair to the plaintiff, and to the trial court, to allow the defendant to take advantage of his own faulty plea, and to put the court in error upon a matter that the record does not show was insisted on or brought in any manner to the notice of the trial court. A different rule, I think, has heretofore prevailed in this court.—*Manker v. W. U. T. Co.*, 137 Ala. 292, 34 South. 839; *Robertson v. Robinson*, 65 Ala. 610, 39 Am. Rep. 17.

There are but two kinds of pleas of payment. One relates to payment before suit commenced, and, if proven, entirely defeats the action both as to damages and costs. The other relates to payment subsequent to suit brought, in the nature of a plea puis darrein, and, if proven, defeats a recovery of damages, but not a judgment for costs accrued before the payment. If the plea in this case be treated as a plea of payment before suit brought, it was unsupported by the evidence; and, if it be treated as a plea puis darrein, the plaintiff would be entitled to a judgment for costs up to the time of payment. So, in either event, the judgment for costs for plaintiff would be proper.

For the reasons stated, I feel constrained to dissent from the opinion and conclusion of the majority of the court.

SIMPSON, J., concurs in the dissent.