# Kendrick & McGough *v.* Chafin.

### *Assumpsit.*

(Decided Dec. 21, 1911.  57 South. 78.)

1. *Sales; Price; Evidence.*—Where the evidence admitted shows that the lumber delivered was worth considerably more than the amount which had been paid on the account, but did not show what the amount was, nor the balance due, it was sufficient to support a verdict for the plaintiff for at least a nominal amount.

2. *Costs; Recovery.*—In an action on a contract, the successful party is entitled to recover full costs.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the evidence offered by the plaintiff was sufficient to support a verdict for an amount which would carry costs, it was prejudicial error to exclude all the evidence.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Assumpsit by Kendrick & McGough against W. H. Chafin. Judgment for defendant and plaintiffs appeal. Reversed and remanded.

[Kendrick & McGough v. Chafin.]

W. T. McElroy, and R. A. Cooner, for appellant. The third count was sufficient in its allegation.—*Mc-Geever v. Harris,* 148 Ala. 503. The court erred in giving the affirmative charge for the defendant.—*Carter v. Fulgham,* 134 Ala. 234; *Ala. S. L. Co. v. Slayton,* 120 Ala. 259. The evidence was such as to require a submission thereof to the jury, and the court erred in ruling it out.—*Bagby v. Harris,* 9 Ala. 173.

James J. Ray, for appellee. An inspection of the evidence in this case will show that there was a variance between the allegata and probata. The evidence did not tend to prove either count of the complaint. The evidence should be excluded on motion when such is the case. And when such is the case and the plaintiff fails to make out a prima facie case, the court may exclude the evidence, notwithstanding the right to demur to the evidence under sections 5342-5345, of the Code of 1907.—*Merrill v. Smith, et a.,* 158 Ala. 189; *Burton v. Dangerfield,* 141 Ala. 290-91; *Prestwood v. Eldridge,* 119 Ala. 72; *Willman v. Jones,* 124 Ala. 588; *Griffin v. Bass & Co.,* 135 Ala. 490; *Moses et al. v. Beverly et al.,* 137 Ala. 480; 75 Ala. 587; 84 Ala. 173. Plaintiff could have been entitled only to nominal damages at the most, and the plaintiff admitted a payment of $10.00 and another of $5.00. This more than covered nominal damages. Plaintiffs had not filed their claim so as to secure the lien. The claim as filed was not legal evidence.—Code, section 4758; *Cutliff v. McAnally,* 88 Ala. 507, page 509, et seq.

WALKER, P. J.—Though much of the evidence offered by the plaintiffs (appellants here) was excluded under the rulings of the court which are not assigned as errors, yet there was enough in the remaining evi-

[Turner v. Town of Lineville.]

dence to warrant an inference that the amount of lumber delivered by the plaintiffs to the defendant was worth considerably more than $15 which the evidence tended to show had been paid by the defendant on the account. In this situation, though the evidence left in the case by the rulings of the court did not show the amount of the balance owing by the defendant, yet it was such as to support a verdict in favor of the plaintiffs for at least a nominal amount. In an action in contract, the successful party is entitled to full costs. —Code 1907, § 3662; *Stevens v. Standard Oil Co.,* 156 Ala. 581, 47 South. 140.

It is error to exclude all the evidence offered by the plaintiff, as was done in this case, where it is such as to support a verdict in his favor; and this error involves injury when the result of it is to deprive the plaintiff of a judgment in his favor carrying the costs of the suit.—13 Cyc. 21.

Reversed and remanded..