(77 South. 846)

SCHILLINGER v. LEARY.   (6 Div. 638.)

(Supreme Court of Alabama.   Nov. 15, 1917.
Rehearing Denied Jan. 24, 1918.)

1. JUDGMENT ⬉719—CONCLUSIVENESS—MATTERS CONCLUDED.

The principle upon which judgments are held conclusive upon the parties requires that the ruling should apply only to matters directly in issue—things material and traversable—and not to everything which was incidentally brought into the controversy during the trial.

2. JUDGMENT ⬉634—CONCLUSIVENESS—MERITS OF CASE.

To support a plea of res adjudicata, not only must the parties and the subject-matter be the same, but the judgment in the first case must have been on the merits of the case, and must be that sought to be pleaded in bar in the second suit.

3. JUDGMENT ⬉735—CONCLUSIVENESS—IDENTITY OF ISSUES.

Where the assignee of a note sued the maker in one action for the face of the note, attorney's fees, and costs, and brought another action against an indorser for the same items and secured judgment for all of them against the maker with full satisfaction, such judgment was res adjudicata as to all matters except as to costs in the second action.

4. BILLS AND NOTES ⬉460—JOINDER OF DEFENDANTS—COMMON LAW.

At common law the holder of a negotiable instrument may proceed concurrently, in separate suits, against the respective parties liable, until the debt is satisfied.

5. BILLS AND NOTES ⬉460—JOINDER OF DEFENDANTS.

Under our statute a joint action against the maker and the indorser of a promissory note cannot be maintained, since the obligation of each is several, and the liability of each is dependent upon different conditions.

6. COSTS ⬉43—LIABILITY—EFFECT OF PAYMENT.

A general rule attendant upon the payment or satisfaction of the debt is that, when occurring after commencement of action, it will not relieve the defendant of liability for costs incurred up to that time.

7. PAYMENT ⬉60(1)—PLEADING.

In pleading payment, it should be averred whether the payment was before or after the bringing of the action, since the first avoids all liability, while the second avoids liability, except for costs accruing prior to the payment.

8. COSTS ⬉172—ACTIONS—ATTORNEY'S FEES.

The reasonable attorney's fees under the contract of the maker and indorser of a note to pay such fees, if recoverable at all, are recoverable as a part of the contractual obligation, and not as a part of the costs.

9. COSTS ⬉172—ATTORNEY FEES—LIABILITY OF INDORSERS.

Where the assignee of a note sued the maker in one action and an indorser in another action for the face of the note, costs, and attorney's fees, and in the action against the maker got judgment, which was paid before the trial of the action against the indorser, it was error to allow attorney's fees and costs against the indorser, but costs should have been allowed only to the time of payment of the judgment in the other action, in view of Code 1907, §§ 5068, 5069, providing how liability on a note may be discharged.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by M. B. Leary against F. L. Schillinger. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Act of April 18, 1911. Reversed and remanded.

London, Yancey & Brower, of Birmingham, for appellant. Cabaniss & Bowie, of Birmingham, for appellee.

THOMAS, J. The cause being called in the circuit court, the parties waived a jury trial, and consented that the issue be tried and determined by the court. Judgment was rendered for the plaintiff.

The complaint claims of the defendant the

sum of $6,000, and interest thereon, "due by promissory note made by the Jefferson Investment Company, a corporation, on the 7th day of May, 1914, payable 12 months after date to the order of Jefferson Investment Company and duly indorsed in blank by Jefferson Investment Company, which said note is now the property of the plaintiff, and which said note was also indorsed in blank by the defendant, and also by W. J. Adams, G. W. Yancey, and G. W. Bain for the accommodation of said Jefferson Investment Company," together with the costs of collection, including a reasonable attorney's fee for services rendered in collecting, or attempting to collect, the debt evidenced by the note sued on; and it is averred that such reasonable attorney's fee so incurred was $600.

Defendant's pleas 1 and 2 were of the general issue; pleas 3, 4, and 4½, of res adjudicata; while pleas 5 and 7, answered that the note sued on had been released and discharged by payment in full by the Jefferson Investment Company the maker of the note, and that the debt for which the action was brought had been paid.

The three several pleas of payment did not aver, in code form, that the debt had been paid "before action was commenced."

The assignments of error present for review the ruling sustaining demurrer to defendant's pleas 3, 4, 4½, 5, 6, and 7, and the rendering of judgment against the appellant.

The present suit was brought on July 2, 1915. On the same day summons and complaint was filed in a suit between M. B. Leary, plaintiff, and Jefferson Investment Company, a corporation, defendant, on said note (the note indorsed by appellant, Schillinger, et al., and the one on which the present suit is brought), the complaint claiming, as a reasonable attorney's fee for collecting the demand, the sum of $600. Thus the plaintiff, Leary, at the same time, but in separate actions, sued the maker of the note, Jefferson Investment Company, a corporation, for the sums due on the note, and sued the defendant, F. L. Schillinger, as an indorser on said note, for like sums so due. On the trial of the suit against the maker of the note, judgment was rendered for the plaintiff for the sum of $6,742.92, which amount embraced an item of accruing costs.

Witness Bain, for the defendant, Jefferson Investment Company, testified that as an official of that company he paid the amount as shown by the cost bill introduced in evidence, and that he paid the note offered in evidence, before suit was filed. It is thus apparent that the intention of the plaintiff in bringing the two suits was to enforce payment of one, identical demand, with interest, attorney's fees and costs, and that after the principal sum was paid by the maker of the note, the further prosecution of both suits was a contest between the parties for attorney's fees and costs.

201 ALA.—17

Payment of the debt and judgment was made by two checks of the Jefferson Investment Company, one for $384.55, in addition to the sum paid by Bain to the clerk and register of the court, $6,358.40. The aggregate amount of the payments so made by the maker of said note (including the small items of cost, to wit, clerk, $8.90, sheriff, $2.05) on the judgment in said former suit, was $6,742.-95. The sum due plaintiff, being $6,732, was receipted for by his attorneys of record on April 12, 1916.

In the instant case, the note sued on contained, in its face, the following stipulation:

"Each maker and indorser hereof waives all right of exemption of personal property and agrees if this obligation is not paid at maturity, to pay the costs of collection, including a reasonable attorney's fee."

On the back of the note, above the signatures of Schillinger and the other indorsers, is the following stipulation:

"Each and every indorser of this note hereby waives all right of exemption of property from levy and sale under execution or other process for the collection of debts as provided for in the Constitution and laws of the state of Alabama or any other state of the United States of America, and it is hereby agreed by each indorser hereof that he shall pay all costs of collecting this note after failure to pay when the same becomes due under the terms hereof, including a reasonable attorney's fee for all services rendered in any way in any suit against any indorser or in collecting or attempting to collect or securing or attempting to secure this debt."

The evidence of payment being before the court under the plea of the general issue, we will proceed to a discussion of the merits of the case before recurring to the ruling on the pleas.

[1] As to the purported pleas of res adjudicata, it is pertinent to observe that the principle upon which judgments are held conclusive upon the parties requires that the ruling should apply only to matters directly in issue, things material and traversable, and not to everything which was incidentally brought into the controversy during the trial. The general rule on this subject was declared in the case of the Duchess of Kingston, 20 Howell's State Tr. 355, 538; 2 Smith's Lead. Cas. 609 (573), where Lord Chief Justice De Grey said:

"From the variety of cases relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true: First, that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court, for a different purpose. But neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which comes collaterally in question, though within their jurisdiction; nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment."

This rule has been repeatedly affirmed and followed without qualification. 2 Kent, Com., 119–121; Arnold v. Arnold, 17 Pick. (Mass.) 4.

In Chamberlain v. Gaillard, 26 Ala. 504, Mr. Justice Goldthwaite declared the rule to be that judgments are final and conclusive between the parties when rendered on a verdict on the merits, not only as to the facts actually litigated and decided, but as to all facts necessarily involved in the issue, and that, although the particular matter is not necessarily involved in the issue, yet if the issue is broad enough to cover it, and it actually arose and was determined, it may then be connected with the record by evidence aliunde. Hall & Farley v. Alabama Terminal & I. Co., 173 Ala. 398, 56 South. 235; Gilbreath v. Jones, 66 Ala. 129; Hanchey v. Coskrey, 81 Ala. 149, 1 South. 259; Haas v. Taylor, 80 Ala. 459, 2 South. 633.

In Tankersly v. Pettis, 71 Ala. 179, it was held that, where there is no question as to the jurisdiction of the court, nor as to the identity of the parties, the inquiry whether the subject-matter of the controversy has been drawn in question and is concluded by a former adjudication—

"is determined when it is ascertained that the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is not what the parties actually litigated, but what they might and ought to have litigated, in the former suit."

This application of the rule of res adjudicata has been reaffirmed in McCall v. Jones, 72 Ala. 368; Lehman v. Clark, 85 Ala. 109, 4 South. 651; Glasser v. Meyrovitz, 119 Ala. 152, 24 South. 514; Wood v. Wood, 134 Ala. 557, 33 South. 347; Montgomery Iron Works v. Roman, 147 Ala. 434, 41 South. 811; Crausby v. Crausby, 164 Ala. 471, 51 South. 529.

[2] To support a plea of res adjudicata, not only must the parties and the subject-matter be the same, but the judgment in the first case must have been on the merits of the case, and must be that sought to be pleaded in bar in the second suit. Jones v. Adler, 183 Ala. 435, 62 South. 777; McCall v. Jones, supra; Ryan v. Young, 147 Ala. 660, 41 South. 945; Gilbreath v. Jones, supra; Crausby's Case, supra; Hall & Farley's Case, supra. A judgment was declared to be conclusive against every defense that might have been made against the suit, whether pleaded or not, in Montgomery Iron Works v. Roman, supra, 147 Ala. 440, 41 South. 811. See discussion of this question in Terrell v. Nelson, 200 Ala. 436, 74 South. 929.

[3] It may be conceded that it is not always of easy determination whether the decision in the first case was on the merits. Such however, is not the case here. On the former suit the same subject-matter that is here involved was ascertained and determined, and the issues in the former suit were broad enough to comprehend all that is involved in the issues in the second case, and the plaintiff and the maker of the note might and ought to have litigated in the original suit all of the matters embraced in the second suit. The first suit having eventuated in a judgment in favor of the plaintiff, and its full satisfaction, the question of reasonable attorneys' fees to be allowed to plaintiff under the contract provisions of the note, with the costs in that behalf expended, was determined in said suit. The costs incurred in the bringing of the second suit (that against the surety) were not embraced in the issues made by the first trial. Nor can it be said in any sense that the parties were the same in both suits.

[4] At common law the holder of a negotiable instrument may proceed concurrently, in separate suits against the respective parties liable, until the debt is satisfied. 8 Corpus Juris, 819. That the holder of such an instrument may maintain several actions at the same time, against the maker and the indorser, is held in other states. Gilmore v. Carr, 2 Mass. 171; Porter v. Ingraham, 10 Mass. 88; Morrison v. Fishel, 64 Ind. 177; Hunter v. Hempstead, 1 Mo. 67, 13 Am. Dec. 468. On the other hand, it has been decided that while the holder of a note may commence separate actions at the same time against the maker and the indorser, yet if he recover judgment and satisfaction against the maker, the indorser will be entitled to costs in the action against him. Savage v. Stevens, 128 Mass. 254; Whithed v. Malloy, 4 Cush. (Mass.) 138; Whipple v. Newton, 17 Pick. (Mass.) 168; Porter v. Ingraham, supra; Simmonds v. Center, 6 Mass. 18. If there be two indorsers, however, and the holder bring several actions against them, the plaintiff, it has been held, is entitled to his full costs in only one suit and to his disbursements in the other. Shutter v. Dee, U. C. Q. B. 292. So much for the general principles entering into the decision of this case.

[5] Under our statute a joint action against the maker and the indorser of a promissory note cannot be maintained, since the obligation of each is several, and the liability of each is dependent upon different conditions. In Scarbrough v. City National Bank, 157 Ala. 577, 48 South. 62, 131 Am. St. Rep. 71, Mr. Justice Simpson declared that:

"While the payee of a negotiable promissory note may sue both the maker and the indorser simultaneously in separate actions, yet, without statutory provision to that effect, there is no authority for suing them jointly." 3 Randolph, Com. Paper, § 1669; 8 Corpus Juris, 853.

This rule has been adhered to in many states. Walker v. Walker, 7 Ark. 542, 554; Hough v. State Bank, 61 Fla. 290, 55 South. 462, Ann. Cas. 1912D, 1200; Harvard Pub. Co. v. Benjamin, 84 Md. 333, 35 Atl. 930, 57 Am. St. Rep. 402; Fawcett v. Fell, 77 Pa. 608; Watson v. Hoge, 7 Yerg. (Tenn.) 344; Kildare Co. v. Bank, 91 Tex. 95, 41 S. W. 64;

SCHILLINGER v. LEARY 259

New Blue Springs Milling Co. v. De Witt, 65 Kan. 665, 70 Pac. 647.

[6] A general rule attendant upon the payment or satisfaction of the debt is that, when occurring after commencement of action, it will not relieve the defendant of liability for costs incurred up to that time. McDougald's Adm'r v. Rutherford, 30 Ala. 253; Draper v. Walker, 98 Ala. 319, 13 South. 595; Harris v. Swanson, 67 Ala. 486; Lindsay v. Barnett, 130 Ala. 417, 30 South. 395.

It would appear that the foregoing line of authority supports the ruling of the trial court in sustaining demurrers to defendant's pleas 3, 4, 4½, 6, and 7.

To the same effect is Stevens v. Standard Oil Company, 156 Ala. 581, 47 South. 140. In that case there was a plea of payment which did not aver that payment was made before suit was brought. The evidence showed that payment was made after suit was brought, but the court held that the evidence sustained the plea, and that the defendant was entitled to judgment, for the reason that the plaintiff, having taken issue on the plea, without objection or reply thereto, was bound, in order to refute the plea, to show that no payment at any time had been made. The court said:

"Both parties having affirmatively formed the issue on the plea as framed, the defendant was entitled to his judgment, if payment at any time was proven; and this the court found."

In the case before us, however, the plaintiff did not take issue on such indefinite plea, but pointed out its defect by demurrer.

[7] It is necessary to aver when the satisfaction occurred—whether before, or after suit was brought—for the reason that there are two kinds of pleas of payment; one answering that payment was made before, and the other that payment was made after, suit commenced. The establishment of the former will defeat the action both as to damages and as to costs; establishment of the latter defeats a recovery of damages, but not a judgment for the costs accrued before the payment. Stevens v. Standard Oil Co., supra; Western Railway v. Foshee, 183 Ala. 190, 62 South. 500; Kendrick v. Chafin, 2 Ala. App. 452, 57 South. 78; Code, 1907, § 3662.

[8] The reasonable attorney's fees under the contract, if recoverable at all, are recoverable as a part of the contractual obligation, and not as a part of the costs, nor as damages accrued in that behalf in a suit for the debt evidenced thereby.

[9] The rebuttal evidence offered by the defendant, consisting of the fee books of the city court of Birmingham, containing the following entries relating to case No. 35485:

"Levy against Investment Co. April 11, 1916. Check of Sam M. Blake, clerk and register, for $6,358.40 and check of Jefferson Investment Company for $384.55, total $6,742.95, applied to payment of above judgment and costs, to wit, $6,732. Clerk $8.90, sheriff $2.05. Received of S. M. Blake, clerk and register, $6,-732.00 as part payment of the judgment Int. in the case, 12 day of Apr. 1916"

—shows a satisfaction of the debt before judgment in the instant case on or before the recited date of the receipt given the clerk, by plaintiff's attorneys of record, for plaintiff's moneys so recovered. The plaintiff in that suit could have refused to accept the amount of the recovery until the costs in both actions should be paid. This, however, he did not do, but collected the amount by levy against the Jefferson Investment Company, the maker of the note. In Whipple v. Newton, supra, Chief Justice Shaw and his associates said that a plaintiff may not thus proceed, and yet have damages and costs in the second suit. See, to the same effect, the holding in Savage v. Stevens, supra. Such is the justice of the case in hand, and this ruling is also within the letter of sections 5068 and 5069 of the Code.

It results from what we have said that the trial court was in error in sustaining demurrers to defendant's plea No. 5; that the plaintiff was not entitled to the judgment for $50 on account of attorney's fees, but should have had only his costs accruing in the instant case to the date of payment, not later than April 12, 1916.

Notwithstanding the broad terms of the indorsement on the note, the judgment of the city court is erroneous as to the allowance of any sum as attorney's fees, and of all costs to the time of the trial of this case in said court. The costs should have been limited to such as accrued before, and up to the date of April 12, 1916, when full satisfaction of the debt was had by plaintiff from the maker of the note.

The judgment of the city court is reversed, and the cause is remanded, that a nominal judgment may be rendered for the plaintiff, for the amount of his costs accrued to said date of payment, against the indorser of the note on which this suit is brought.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.