(77 South. 998)

JONES et al. v. BELL.    (7 Div. 855.)

(Supreme Court of Alabama.    Nov. 15, 1917.)

1. BILLS AND NOTES ⬦═══365(1)—BONA FIDE
PURCHASER—NOTICE.
 Commercial paper in the hands of 'a bona
fide purchaser for value before maturity is not
subject to the defense which would avail against
the original payee, unless it is shown that the
purchaser had notice of such defense.

2. BILLS AND NOTES ⬦═══209—TRANSFER.
 Under Code 1907, §§ 4985, 5007, as to trans-
fer of negotiable instruments, notes payable to
order can be negotiated only by the indorse-
ment of the holder, completed by delivery.

3. TRIAL ⬦═══139(1)—QUESTIONS FOR JURY.
 If there be any evidence tending to prove
or disprove plaintiff's cause, the trial court
should not withdraw the issue of fact from the
jury.

4. TRIAL ⬦═══140(1) — CREDIBILITY OF WIT-
NESS—JURY QUESTION.
 Material contradictions between the direct
and the cross examination of a witness do not
warrant the court in disregarding his testimony,
but his credibility is for the jury.

5. PAYMENT ⬦═══60(1)—REQUISITES OF PLEA.
 Plea of payment, not stating whether pay-
ment was made before or after suit, is demur-
rable; the question of costs being at issue un-
der such plea.

 Appeal from City Court of Talladega;
Marion H. Sims, Judge.

 Action by W. M. Bell against W. N. Jones
and others. Judgment for plaintiff, and de-
fendants appeal. Reversed and remanded.

 Knox, Acker, Dixon & Stewart, of Tallade-
ga, for appellant.   G. T. Welch and Riddle
& Riddle, all of Talladega, for appellees.

 THOMAS, J.  [1] Commercial paper in the
hands of a bona fide purchaser for value be-
fore maturity is not subject to the defenses
which would avail against the original
payee, unless it is shown that the purchaser
had notice of such defense. Merchants' Na-
tional Bank v. Norris, 163 Ala. 481, 51 South.
15.  The question of fact presented by the
record is whether or not the plaintiff was a
bona fide purchaser for value without notice
before maturity, of the notes sued on.

 [2] "An instrument is negotiated when it
is transferred from one person to another
in such manner as to constitute the trans-
feree the holder thereof; if payable to bearer,
it is negotiated by delivery." Code, § 4985.
The notes here sued on being "payable to
order," must have been negotiated, if they
were negotiated, "by the indorsement of the
holder, completed by delivery." Code, §§ 4985,
5007; Ex parte Goldberg & Lewis, 191 Ala.
356, 67 South. 839, L. R. A. 1915F, 1157. The
effect of the court's oral charge was to con-
clude the inquiry of this question of fact.

 [3] It is well established that, if there be
any evidence which tends to prove or to dis-
prove the plaintiff's cause, the trial court
should not withdraw the issue of fact from
the jury. It is not for the court to judge of
the sufficiency of the evidence or decide
which of the conflicting tendencies of the evi-
dence should be adopted by the jury, nor to
draw the reasonable inferences from the evi-
dence for the jury. M., J. & K. C. R. R. Co.
v. Bromberg, Adm'r, 141 Ala. 258, 37 South.
395; McCormack Harvesting Mach. Co. v.
Lowe, 151 Ala. 313, 44 South. 47; Tobler v.
Pioneer Min. & Mfg. Co., 166 Ala. 482, 517,
52 South. 86; Shipp et al. v. Shelton, 193 Ala.
658, 69 South. 102; Amerson v. Corona Coal
& Iron Co., 194 Ala. 175, 69 South. 601.

 "A court should never direct a verdict when
the evidence is such as to afford a reasonable
inference of the existence of any fact unfavor-
able to the right of the party asking the affirma-
tive charge to the verdict." B. R., L. & P.
Co. v. Colbert, 190 Ala. 229, 67 South. 513;
Empire Coal Co. v. Martin, 190 Ala. 169, 67
South. 435; Stouts Mountain Coal & Coke Co.
v. Tedder, 189 Ala. 637, 66 South. 619.

 There were tendencies of evidence, and
reasonable inferences deducible, to an effect
contrary to the view expressed by the court
in the oral charge. The court said to the
jury:

 "Under the view I take of this case, the plain-
tiff being a bona fide purchaser for value, with-
out notice, the notes are due the plaintiff, and
the court charges the jury that your verdict
must be for the plaintiff, if you believe the evi-
dence, for the principal and interest and attor-
ney's fee."

 We will not discuss the testimony in detail,
for this might tend to embarrass the retrial of
the cause on the facts. The question wheth-
er the plaintiff was a bona fide purchaser
for value, without notice, of the notes, should
have been submitted to the jury for determi-
nation, and not decided by the court, as was
done in the foregoing instruction given by
the court.  Shipp et al. v. Shelton, supra;
Penticost v. Massey, ante, p. 261, 77 South. 675.

 [4] Though there may be material contra-
dictions between the direct and the cross ex-
amination of a witness, yet this does not
warrant the court in disregarding his testi-
mony; but the credence to be accorded the
witness must be left to the jury. Lay v. Ful-
ler et al., 178 Ala. 375, 382, 59 South. 609;
Beitman v. B. Paint & Glass Co., 185 Ala.
313, 64 South. 600; Chambliss v. Mary Lee
C. & R. Co., 104 Ala. 655, 16 South. 572; Pil-
cher v. Smith, 4 Ala. App. 444, 58 South. 672.

 In Powell v. Olds, 9 Ala. 861, 865, 866, it
was declared that the court may not exclude
the testimony of a witness because, in the
opinion of the court, such witness on cross-
examination denies what he has sworn to
upon the examination in chief; that it is
peculiarly the province of the jury to decide
what weight shall be given the testimony of
such a witness, when his whole testimony, on
direct and cross examinations, is considered
by them in connection with the other testi-
mony adduced on the trial.

⬦═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5] Since the cause must be retried, we may say that plea No. 1 was sufficient as the general issue (Will's Gould's Pleading [6th Ed.], p. 48, and note), and that plea 2 was subject to demurrer, in that it did not state when the payment was made, whether before or after suit. The question of costs was at issue under such plea. Schillinger v. Leary, 77 South. 846;[1] McDougald's Adm'r v. Rutherford, 30 Ala. 253; Draper v. Walker, 98 Ala. 310, 13 South. 595; Harris v. Swanson, 67 Ala. 486, 488; Lindsay v. Barnett, 130 Ala. 417, 30 South. 395. As to costs that may be recovered, reference may be had to Stevens v. Standard Oil Co., 156 Ala. 581, 47 South. 140: Western Railway v. Foshee, 183 Ala. 182, 190, 62 South. 500; Kendrick v. Chafin, 2 Ala. App. 452, 57 South. 78; Code, § 3662.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.