**HARRISON v. WRIGHT.** (3 Div. 776.)

(Supreme Court of Alabama. Nov. 4, 1926. Rehearing Denied March 31, 1927.)

1. **Master and servant** &#8660;329—Complaint held to show servants operating automobile were engaged in owner's business.

Complaint for injury from operation of defendant's automobile by his servants, agents, or employees *held* good, as against demurrer that it did not show but that agents or employees were engaged in their own affairs, and not in defendant's business.

2. **Highways** &#8660;184(1) — Complaint for injury from operation of automobile held not demurrable, as showing contributory negligence.

Complaint that defendant's agents or servants so negligently operated automobile that plaintiff riding on rear of truck ahead was thereby injured, *held* good, as against demurrer that complaint showed plaintiff guilty of contributory negligence in riding on rear of truck on congested highway.

3. **Highways** &#8660;184(4)—Negligence and contributory negligence held for jury, where passenger on rear of stopped truck was injured by automobile.

Where plaintiff, riding on rear of stopped automobile truck, was injured when defendant's automobile collided with truck, questions of negligence of defendant's servants and plaintiff's contributory negligence *held*, under evidence, for jury.

4. **Trial** &#8660;143—If evidence or reasonable inferences conflict, affirmative instruction should not be given.

If there is conflict in evidence or reasonable inferences thereof, whether in testimony of witnesses or in direct or cross-examination, affirmative instruction should not be given.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by Violet Wright against W. H. Harrison. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The case went to trial on counts 1 and 3 of the complaint and pleas of the general issue and contributory negligence.

Count 1 claims damages "for that heretofore on, to wit, the fifth day of June, 1925, the defendant's servants, agents, or employees, or one of them whose names or name is to plaintiff unknown, were operating an automobile of defendant upon a public highway in Elmore county, Ala., and while the plaintiff was sitting upon the rear end of a truck which had stopped upon a public highway in Montgomery county, Ala., because of the congestion of traffic ahead of said truck upon said public highway, the agents, employees, or servants of the defendant, or one of them, then and there while acting within the line and scope of their duty as such, did so negligently operate or control the movement of said automobile that as a proximate result of such negligence it was caused to collide or bump into the rear end of the truck upon which the plaintiff was sitting, catching plaintiff's foot between the truck on which she was sitting and the car of the defendant" injuring her as specified, which injuries "were the proximate result of the negligence of defendant's agents, employees, or servants, or one of them, while acting within the line and scope of their or his authority as such, all of which caused her to suffer the damages aforesaid."

Count 3 charges that on said date "the defendant, his servant, agent, or employee, was operating an automobile upon a public highway in Elmore county, Ala., to wit, the highway between Wetumpka and Elmore about one mile from Elmore. Plaintiff further avers that the defendant is a resident of Montgomery county, Ala.; plaintiff further avers that said defendant, his servant, agent, or employee, while acting in the line and scope of his authority, did so negligently operate said automobile that as a proximate result of said negligence it was driven into a truck upon which plaintiff was sitting, striking the said truck while the same was standing still, and striking it from the rear end, whereby and as a proximate result

<hr>

&#8660;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

whereof the plaintiff was seriously and painfully injured in this, to wit," cataloging her injuries.

Defendant's demurrer includes these grounds:

(6) For aught that appears from said complaint said alleged servants, agents, or employees, or one of them, of the defendant, was engaged in his own affairs and was not about the business of the defendant at the time of the alleged injury to the plaintiff.

(7) It appears from said complaint that the plaintiff was herself guilty of contributory negligence, in that it appears in said complaint that, at the time of the accident and the injury, plaintiff was riding on the rear end of a truck being operated upon a congested highway, and that, at the time of the injury, she was sitting on the rear end of said truck with her feet hanging down, out of and beyond the end of said truck, wherefore it appears that her own negligence contributed to the alleged injuries.

(8) For aught that appears from said complaint the plaintiff would not have been injured had she not been sitting on the rear end of a truck with her feet hanging down outside of said truck, and therefore, it appears from said complaint that plaintiff was herself guilty of contributory negligence proximately contributing to her own injury and damage.

Lee & Graves, of Montgomery, for appellant.

Construing the allegations of the complaint most strongly against the pleader, it shows clearly that the plaintiff was guilty of negligence proximately contributing to her injury. Demurrer should have been sustained. Nicolosi v. Clark, 169 Cal. 746, 147 P. 971, L. R. A. 1915F, 638, 12 N. C. C. A. 864, 881. The evidence showed without dispute that the plaintiff was guilty of negligence proximately contributing to her injury, and the affirmative charge was due the defendant. L. & N. v. Hall, 87 Ala. 708, 6 So. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; Wood v. Richmond, etc., 100 Ala. 660, 13 So. 552; Schlaff v. L. & N., 100 Ala. 377, 14 So. 105. Want of ordinary care on the part of the party injured amounts to negligence which will defeat a recovery. 29 Cyc. 513–515. If the negligence of the injured party contributes in any degree to the injury, no recovery can be had. 29 Cyc. 510, 511. One who continues voluntarily to expose one's self to a known peril, and is thereby injured, cannot recover therefor. Republic I. & S. Co. v. Fuller, 6 Ala. App. 448, 60 So. 475; Alteriac v. West Pratt Coal Co., 161 Ala. 435, 49 So. 867; Gainer v. Ry. Co., 152 Ala. 186, 44 So. 652; Southern Cot. Oil Co. v. Walker, 164 Ala. 33, 51 So. 169.

O. P. Lee and Thos. B. Hill, Jr., both of Montgomery, for appellee.

The complaint is sufficient. C. C. Snyder Cigar Co. v. Stutts, 214 Ala. 132, 107 So. 73; Bugg v. Mitchell, 20 Ala. App. 555, 103 So. 713; B. R. L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262; Sloss Co. v. Weir, 179 Ala. 227, 60 So. 851. The question of contributory negligence vel non is one of fact for the jury, except in a case where the only deduction to be drawn from the evidence is that the negligence of the plaintiff is the proximate cause and not a mere remote condition to the injury. 20 R. C. L. 117; Briggs v. B. R. L. & P. Co., 188 Ala. 262, 66 So. 95; Ray v. Brannan, 196 Ala. 113, 72 So. 16. Plaintiff was where she had a right to be, and had a right to rely upon the presumption that appellant would not breach the legal duty owed her to keep a safe distance away so as not to injure her; therefore she cannot be held guilty of negligence either as matter of fact or law. 20 R. C. L. 117.

THOMAS, J. [1, 2] The case of plaintiff was stated in counts 1 and 3 to which demurrers were overruled. There was no reversible error in overruling demurrers to said counts of the complaint. The defense of contributory negligence is the subject of special pleas—which were duly interposed.

[3] The reasonable tendencies of the evidence to be drawn by the jury prevented the giving of affirmative instruction requested. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

[4] If there is conflict in the evidence, or reasonable inferences thereof, whether in the testimony of the different witnesses or the direct or cross-examination of the same witnesses, the rule as to affirmative instruction is the same. Jones v. Bell, 201 Ala. 336, 77 So. 998. The effect of the testimony of one witness of material consideration at the time of the accident was:

That the "truck had not stopped until after the car driven by * * * Harrison ran into them, but that they stopped as soon after that as they could, and that they all crowded up, cars in front and cars behind."

The testimony of other witnesses was to the effect that the accident happened just after the truck turned off the highway, but while it was still on the main road; that neither the truck nor the car was traveling fast; that all, in front and behind the car, had been slowly driving, as there was quite a congestion on the road; and that everybody was going in the same direction. There was also adverse inference that may be drawn as to the giving or the failure thereof of due signals on the part of the driver of the truck; that a stop was necessary or going to be made. So, also, as to reasonable inferences of the manner of the impact or brakes on the rear car; that is to say, whether that car was driven into the one on which plaintiff was riding or after due application of brakes in condition the rear car "slid" into the truck, and as to the distances apart the two cars were being driven, and whether or not due

signals of stop were given or ignored, etc. This illustrates that the questions of negligence—simple and contributory—were for the jury.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.