(115 So. 28)

PURSELL v. LANEY.   (5 Div. 978.)

Supreme Court of Alabama.   Oct. 13, 1927.

Rehearing Denied Jan. 12, 1928.

1. Trial �key119—In action for slander excluding irrelevant remark of counsel in argument to jury held not error.

In action for slander, in which plaintiff alleged that defendant falsely charged plaintiff with larceny by stating that plaintiff stole replevin bond, on which he was surety, in which plaintiff's evidence showed that plaintiff substituted appeal bond for replevin bond, argument of plaintiff's counsel that one signing new note would take old note was not germane to issue of fact presented, and there was no error in excluding such remark.

2. Libel and slander ⊙key123(7)—In action for slander for falsely charging plaintiff with stealing replevin bond, whether plaintiff stole bond or came by it honestly held for jury.

In action for slander, where complaint alleged that defendant falsely charged plaintiff with larceny by saying that he stole replevin bond on which he was surety, where there was conflict in evidence as to how plaintiff came by bond, whether given plaintiff by justice or taken from file with consent of that official, evidence *held* for jury.

3. Trial ⊙key143—Where there is conflict in evidence, affirmative charge should not be given.

Where there is material conflict in evidence, general affirmative charge should not be given.

4. Justices of the peace ⊙key138(10)—Justice of peace had no right to give surety on replevin bond the bond for purpose of removing it from court files.

Justice of the peace had no right to give surety on replevin bond in attachment suit pending before justice bond for purpose of removing it from court files, nor to authorize such action as eventuated in its destruction.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action for slander by Thomas J. Pursell against George Laney. From a judgment for defendant, plaintiff appeals. Affirmed.

The complaint claims damages of the defendant for falsely and maliciously charging the plaintiff with larceny by speaking of and concerning him in the presence of divers

persons, in substance, as follows: That plaintiff went to see one Hodnett, a justice of the peace before whom was pending an attachment suit in which the defendant in said suit had replevied the property seized under attachment, the plaintiff here being a surety upon said defendant's replevin bond, and asked to see the papers in said attachment suit, that the justice of the peace allowed him to see said papers, and that plaintiff slipped or stole the replevin bond out of the papers and kept it and carried it away.

The plaintiff's witness Hodnett testified that he was a justice of the peace, and that a suit of the style of G. G. Crowley Estate v. J. A. Pursell had been filed in his court; that an attachment was issued when the suit was commenced, property seized under attachment, and a replevy bond was made for the property; that Thomas J. Pursell was one of those who signed the replevin bond; that after judgment was rendered in the case the replevin bond was given by witness to Thomas Pursell who, at the time, gave witness an appeal bond signed by other sureties; that Pursell just said he wanted the bond, and witness gave it to him; that he did not say it was his, and could not say what Pursell did with it.

On cross-examination, this witness testified that Thomas Pursell did not ask for all the papers in the case, just asked for the bond, which witness handed him; that he supposed Pursell carried it away; that he never returned it to witness, and that he had never received it back; that the appeal bond was never approved; that Thomas Pursell told witness he had torn up the replevin bond. At another point this witness testified that he stated in the presence of defendant, Laney, that Pursell asked witness for the papers in the case, and he let him have them, and he had not seen the papers since the time, and the bond was not returned to witness, and further:

"He did not return me the other court papers, he never did have them in his possession. It might have been possible that he had the possession of part of the papers. He didn't ask me for the papers; he asked me for the bond."

This witness testified at another point that he remembered telling Judge Sorrell, in conversation with him, that he handed the court papers to Pursell and he got the bond, and that this was a fact.

Counsel for plaintiff, in argument to the jury, said:

"Gentlemen, if you go to a bank and borrow money and give your note for it, and when that note matures and you are not able to pay off, if you take another note signed up and ask for an extension of time, and the bank grants it, usually you take up the old note, don't you? That is what you do."

The court sustained defendant's objection, and excluded this argument from the jury, to which ruling plaintiff reserved an exception.

A. L. Crumpton, of Ashland, for appellant.

Counsel argues for error in rulings assigned, and cites Arrington v. Jones, 9 Port. 139; Douge v. Pearce, 13 Ala. 127; Brothers v. Brothers, 208 Ala. 258, 94 So. 175; Starks v. Comer, 190 Ala. 245, 67 So. 440; Advertiser Co. v. Jones, 169 Ala. 196, 53 So. 759; Ferdon v. Dickens, 161 Ala. 181, 49 So. 888.

James W. Strother, of Dadeville, for appellee.

Counsel discusses the questions raised and treated, but without citing authorities.

THOMAS, J. The action for slander resulted in a judgment for defendant.

[1] There was no error in excluding the irrelevant remark of counsel about payment of the note and demanding that discharged obligation. This argument was not germane to the issue of fact presented. That the plaintiff filed with the justice of the peace an appeal bond that was not approved did not substitute the liability of the replevin bond, had it been signed by the same surety and approved.

There was no pretense in the evidence that the plaintiff paid the amount of the replevin bond, or that he executed another replevin bond. Plaintiff testified that he did not sign the appeal bond, and there were tendencies of evidence that plaintiff was making an effort to be relieved of the primary liability of the replevin bond. The argument of counsel was properly excluded.

[2, 3] There was conflict in the evidence as to how he came by the bond, whether given plaintiff by the justice, or taken from the file with the consent of that official, and what that official admitted to have stated to Judge Sorrell; with material conflicts in the evidence or tendencies therein, general affirmative instruction should not be given. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

There are adverse inferences for the jury in the evidence of witness Hodnett, as to how the bond was delivered and what he told Judge Sorrell. Jones v. Bell, 201 Ala. 336, 77 So. 998. The defendant testified that he did not make the statements attributed to him. And a jury question was presented by the testimony of Dunn, Pursell, and Gray, and that of defendant and Sargent.

[4] The justice of the peace had no right to give plaintiff the bond for the purpose of removing it from the court files, nor to authorize such action as eventuated in its destruction. There was tendency of evidence that no such action was taken or consent given to prejudice rights in the premises, but that plaintiff acted on the assumption that the replevin bond was no longer a legal liability against him, and with that assumption destroyed it. And yet there was evidence that, being reminded of his primary liability on the replevin bond, plaintiff states his security in the fact that he had the pos-

session of that bond and had thereafter destroyed the same.

The grounds of the motion for a new trial presented the same questions, and were properly denied.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.