(113 So. 59)

## PATTERSON v. VEST. (8 Div. 943).

Supreme Court of Alabama, April 14, 1927.

Rehearing Denied June 2, 1927.

**1. Landlord and tenant ⬅⟿332—Evidence of tenant's indebtedness to landlord held for jury in action against one who paid tenant for crop contrary to alleged instructions.**

In action by landlord against buyer of crop from tenant, claimed to have paid price to tenant contrary to landlord's instructions, evidence *held* for jury on question of indebtedness of tenant, where tenant's testimony presented contradictory tendencies.

**2. Trial ⬅⟿143—Contradictory tendencies of evidence making jury question may arise from testimony of one witness.**

Contradictory tendencies of evidence may occur in testimony of single witness as to direct and cross examination, making issue for jury.

**3. Trial ⬅⟿253(3)—Instruction requiring verdict for landlord against one who paid tenant for crop, if tenant owed landlord, held properly refused as ignoring issue of tenant's authority.**

In action by landlord against one who paid tenant for crop, requested charge that jury should find for plaintiff if tenant owed him balance for advances *held* properly refused as ignoring tendency of evidence as to authority given tenant to make sale.

**4. Landlord and tenant ⬅⟿332—Jury could consider previous course of conduct to determine whether landlord gave tenant authority to sell crop in landlord's suit against buyer from tenant.**

In action by landlord against one paying tenant for crop, jury could consider previous course of conduct of parties to determine right of tenant to make sale under alleged authorization and landlord's claim of revocation of authority.

**5. Landlord and tenant ⬅⟿332—Authority of tenant to sell crop held for jury in landlord's action against purchaser.**

In landlord's action against buyer of tenant's crop who paid tenant price thereof, issue whether tenant had authority to sell crop and whether such authority, if given, had been revoked with notice to defendant, *held* for jury.

**6. Landlord and tenant ⬅⟿332—Instruction denying landlord recovery where tenant had authority to sell held not error, in landlord's action against purchaser of crop from tenant.**

Where, in action by landlord against purchaser of tenant's crop for alleged indebtedness due from tenant, issue was raised as to whether tenant had authority to make sale, instruction denying defendant's recovery in case such authority was given *held* not error.

**7. Evidence ⬅⟿75—Landlord's failure to produce accounts could be considered in determining issue of tenant's indebtedness and authority to sell crop to defendant.**

Failure of landlord to produce accounts could be considered in action against purchaser of crop from tenant to determine whether tenant owed landlord and whether tenant's sale of crop was consented to by landlord.

**8. Landlord and tenant ⬅⟿332—Landlord suing purchaser of tenant's crop had burden to prove amount of indebtedness due him from tenant.**

Burden was upon landlord to show to jury's satisfaction amount of indebtedness owing from tenant in landlord's action against purchaser of crop who paid tenant proceeds thereof.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by J. B. Patterson against Addic Vest. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The trial was had upon counts 1 and 4, each claiming $95, the first being for money had and received and the fourth, in case, alleging that:

"During the year 1923 one G. H. Stracener was a tenant of plaintiff, and cultivated and made a crop on plaintiff's land under rent contract with the plaintiff, and plaintiff made large advances to said tenant to enable him to cultivate said lands and to make and harvest a crop thereon during said year, and upon which there is now due a balance of $125.03, for all of which plaintiff had a landlord's lien on all the crops raised by said tenant during the year 1923; and plaintiff avers that the defendant received one bale of the cotton grown by said tenant on plaintiff's land during said year, and so removed and disposed of said bale of cotton as that plaintiff cannot reach the same by attachment or otherwise and thereby destroyed plaintiff's said lien thereon, to his damage."

Plaintiff's evidence was that he had rented land to Stracener for the year 1923, and

was to receive as rental one-fourth of the cotton and one-third of the corn and other produce raised; that Stracener made a crop of cotton and corn on plaintiff's place during that year, and plaintiff furnished him supplies to make the crop with; that in the fall Stracener gathered the cotton crop and sold one bale to defendant, bringing the proceeds, or most of the proceeds, to plaintiff to be applied as credit on his account; that plaintiff then saw defendant and told him not to buy any more cotton from Stracener unless he made the check to plaintiff's order for the full amount, for the reason that Stracener owed plaintiff for advances and rent; that thereafter, about October 26, 1923, Stracener sold defendant another bale of cotton, the defendant making check to plaintiff for one-fourth the value of the bale, $31.63; that plaintiff soon afterwards demanded of defendant the remaining three-fourths value, amounting to $94.89; that defendant said he had given Stracener a check for this remaining sum. Plaintiff's evidence further tended to show the details of the account due him by Stracener and of credits thereon; that he and Stracener had gone over the account in January, 1924, and the latter had agreed to its correctness; and that Stracener still owed him $125.03.

The tenant, Stracener, testified as a witness for defendant that he had paid to plaintiff all he owed him and that he owed him nothing at the time this suit was brought. This witness also testified to payments in the way of corn and hay in excess of the credits testified to by plaintiff.

These charges were given at plaintiff's request:

"A. Although plaintiff may have unconditionally authorized Stracener to sell the cotton to Vest, yet he had a right to revoke this authority, and if he told Vest not to purchase said cotton from Stracener, then Vest would not be protected under such authority.

"B. Although Patterson agreed for the tenant to sell the cotton, yet if plaintiff notified defendant not to purchase and pay the tenant for the cotton before he did purchase and pay for it, then plaintiff would be entitled to recover provided the tenant owes a balance on his 1923 account for advances made to him by plaintiff."

Charge 1, refused to plaintiff, was the affirmative charge.

Charge 2, refused to plaintiff, is as follows:

"2. If plaintiff's tenant, G. H. Stracener, owes plaintiff a balance for advances furnished him for 1923 to enable him to make his crop for that year, then you should find for the plaintiff for the amount of said balance, not to exceed $90, with interest from October 24, 1923."

These charges were given at defendant's request:

"1. I charge you that if you find that Patterson authorized Stracener to sell the cotton involved in this case to defendant, then plaintiff cannot recover under count 4 of the complaint.

"2. I charge you that if you find that Patterson authorized Stracener to sell the cotton involved in this case to defendant, then plaintiff cannot recover under count 1 of the complaint."

"7. I charge you that if you find that plaintiff authorized G. H. Stracener to sell the cotton involved in this case, unconditionally, then plaintiff cannot recover in this case."

Sample & Kilpatrick, of Hartselle, for appellant.

J. N. Powell, of Albany, for appellee.

Counsel discuss the questions raised, but without citing authorities.

THOMAS, J. [1, 2] The strenuous insistence is made that plaintiff's affirmative instruction should have been given on written request. The testimony of the tenant, Stracener, presented contradictory tendencies or the basis of such reasonable inference in evidence against him who requested the affirmative charge—a jury question of indebtedness vel non of tenant to landlord at the time when the cotton was bought or received by the defendant. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. Contradictory tendencies of evidence may occur in the testimony of one witness as to direct and cross examination. Jones v. Bell, 201 Ala. 336, 77 So. 998. Affirmative instruction was properly refused.

[3] 2. Refused charge No. 2 fixed the date for rental at October 24, 1923, when the evidence shows the cotton was received on October 26th. The charge ignored tendencies of evidence though the plaintiff unconditionally authorized the tenant to sell the cotton produced by the tenant, for 1923, on rented lands of the plaintiff. It furthermore disregarded the tendency of evidence as to revocation of authority to sell. However, the revocation of authority to sell the cotton was given at plaintiff's request in the two charges we designate as A and B. There was no error in refusing plaintiff's requested charges Nos. 1 and 2.

[4, 5] The same tendencies of evidence authorized the giving for defendant charges challenged by motion. The jury had the right to look to the previous course of conduct of the parties to determine the right vel non of the tenant to sell the crop, and also to the testimony of plaintiff tending to show revocation of the right of sale and notice to defendant thereof. A jury question was presented as to these issues of material fact. This is aside from the contradictory evidence of indebtedness vel non of the tenant in view of the failure of plaintiff to produce his books and his explanation of how the account was kept.

[6] Charges given at the request·of the defendant, Nos. 1, 2, and 7, were proper under the issues presented and 'the reasonable tendency of the evidence, and there is no error in the giving of the same.

[7] We find no reversible error in overruling the motion for a new trial. N. C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 70 So. 7. The question of consent to the tenant to sell the cotton and the contradiction as to the indebtedness of tenant was properly considered in the ·light of plaintiff's failure to produce his accounts. Plaintiff's statement of the manner in which he kept the accounts and the whereabouts of his books at the trial was as follows:

"The book containing the first part of Stracener's account is at home. I did not bring it with me. I knew that this account was involved in this suit.

"Defendant then offered in evidence page 228 of plaintiff's ledger, which was as follows:

"G. H. Stracener.

1923.

| | | | |
|---|---|---|---|
| Sept. 1st. | Bal. old ledger, page 231, | $571 | 94 |
| Sept. 4th. | Blotter page...........343, | | 10, |
| Sept. 5th. | Blotter page...........350, | | 35 |
| Sept. 11th. | Blotter page.........376, | | 60 |
| Sept. 14th. | Blotter page.:.........392, | 1 | 95 |
| Sept. 18th. | Blotter page.........410, | | 05 |
| Sept. 18th. | Blotter page.........412, | 1 | 10 |
| Sept. 19th. | Blotter page.........414, | | 90 |
| Sept. 21st. | Blotter page.........424, . | | 75 |
| Sept. 21st. | Blotter page.........428, | 2 | 60 |
| Sept. 27th. | Blotter page..........447, | 2 | 50 |
| Oct. 10th. | Blotter page.........492, | 3 | 55 |
| Oct. 20th. | Blotter page..........530, | 2 | 75 |
| | | $571 | 63 |

"Credits.

1923.

| | | | | | |
|---|---|---|---|---|---|
| Sept. 1st. | By cash.................... | $ | 1 | 90 | |
| Sept. 6th. | Time, E. H. Stracener...... | | | 45 | |
| Sept. 20th. | Time, E. H. Stracener.... | | 2 | 10 | |
| Sept. 20th. | Time, E. H. Stracener.... | | 7 | 80 | |
| Sept. 22nd. | Cr., blotter page 430..... | | 2 | 50 | |
| Oct. 18th. | Cr., blotter page 522...... | | | 85 | |
| Oct. 19th. | Cr., blotter page 526...... | | 90 | 00 | |
| Oct. 19th. | Cr., blotter page 526...... | | 46 | 64 | |
| Oct. 19th. | Cr., blotter page 526...... | | 57 | 60 | |
| Dec. 4th. | By amt. to balance......... | | 378 | 30 | 571 63 |

| | | | |
|---|---|---|---|
| Dec. 4th. | To bal.................... | $378 | 30 |

1924.

| | | | | | |
|---|---|---|---|---|---|
| Jan. 18th. | Feeding stock..........:.. | $ | 9 | 00 | |
| Jan. 18th. | Gathering corn............ | | 38 | 00 | |
| | | | | | $425 30 |

| | | | | | |
|---|---|---|---|---|---|
| Jan. 18th. | Cr. by error............... | $ | 2 | 50 | |
| Jan. 18th. | Cr. by cotton............. | | 89 | 37 | |
| Jan. 18th. | Cr. by mule, wagon, and cow ...................... | | 115 | 00 | |
| Jan. 18th. | Cr. by 84 bu. corn......... | | 92 | 40 | |
| | By amt. to balance........ | | 125 | 03 | 425 30 |

| | | |
|---|---|---|
| To balance ........................... | $125 | 03" |

[8] The page of the account exhibited by the record, page 228, has "1923 Sept. 1st, Bal. old ledger, page 231, $571.94," etc. The burden was upon plaintiff to show to the satisfaction of the jury the amount of the indebtedness and the credits entering into the just and true balance, if such was due.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.